## SUPREME COURT.

HORACE M. WILBUR, assignee in bankruptcy, agt. GUEVIRA
M. WHITE.

*Costs — Assignee in bankruptcy — Code of Procedure,* § 317

An assignee in bankruptcy will not be compelled to file security for costs
on the ground that there are not funds belonging to the bankrupt's
estate, represented by him, sufficient to pay said costs if defendant
should succeed in the action.

Nor is he, under section 317 of the old Code, personally liable for costs,
except where guilty of misconduct or bad faith (*See, to same effect,
memorandum by* VAN HOESEN, J., *N. Y. common pleas, in Hall, assignee,
agt. Waterbury, January,* 1879 ).

*Jefferson Special Term, September,* 1878.

MOTION by defendant for costs pursuant to the statute,
and amongst others, under section 317 of the Code of Pro-
cedure, on the ground plaintiff, as assignee, has not funds.
"There are not funds, belonging to the bankrupt's estate,
represented by him, sufficient to pay said costs, if defendant
succeeded in the action." The action has but recently
been brought and no answer has been put in. The defendant
says he has a defense.

*Levi H. Brown,* for motion.

*Dorwin & Remington,* opposed.

HARDIN, *J.*— If a case was made of bad faith or misman-
agement, in the prosecution of the action, the court, in its

discretion, might impose costs personally. Such imposition might be made after trial of the action.

The court, in its discretion, may require security for costs ( *Old Code, sec.*, 317; *Gedney* agt. *Purdy*, 47 *N. Y.*, 676; *Norris* agt. *Breed*, 12 *Abb.* [*N. S*]., 185 ). But when the action is brought and prosecuted in good faith such security will not be required (*Olcott* agt. *Maclean*, 18 *Sup. Ct. R.* [11 *Hun*], 394 ).

RAPALLO, J., says, in *Read* agt. *Waterhouse* (52 *N. Y.*, 589): " The fact that the trust fund is under the jurisdiction of another tribunal, does not seem to me sufficient to overcome the express provisions of section 317."

This motion has been put upon the ground that the plaintiff has no funds in his hands and the defendant does not cite a case where the mere absence of funds led the court to exercise its discretion under section 317 of the Code (*Darby* agt. *Condit*, 1 *Duer*, 599 ).

The case of Webb (18 *Sup. C. R.* [11 *Hun*], 124), is not in point. The right of a foreign administrator or executor to sue in our courts was the point there involved. *Cummings* agt. *Edgerton* (9 *Bos.*, 685) was one where the action was to vex, and declared an unnecessary action by ROBERTSON J. *Ketcham and Blake* agt. *Clark* was a case where an assignee brought an appeal in name of his assignor and he was held to give security for costs (4 *John.*, 484 ).

If the defendant shall be able, in the future progress of the action, to show mismanagement or bad faith he may make a motion predicated thereon.

This motion is denied with ten dollars costs.