AUGUSTUS PRENTICE et al., Respondents, *v.* MARY ANN JANSSEN et al., Appellants.

Where a will directs real estate to be converted into money, and the proceeds distributed, the parties entitled thereto may, if of lawful age, and if the rights of others will not be affected, elect to take the lands and prevent the actual conversion thereof into personalty

No distinct or positive act is required, a slight expression of intent will be considered sufficient to show an election.

The court has power, in an equitable action for partition, where the parties are tenants in common of real or personal estate, to direct a sale of the whole in one parcel, where the interests of the parties will be promoted by such sale.

The will of B. authorized his son F. to carry on the hotel business for five years, if he so desired, in a certain hotel owned by the testator; and empowered his executors to sell the hotel property, after the occupancy of his son had ceased, and divide the proceeds among his residuary legatees. F. died before the testator; no action was ever taken by the executors to sell the property. Three of the four legatees, or their successors in interest, conveyed their interests to plaintiff. Defendant M., the other legatee, joined with the plaintiff in making leases of the property; and large sums were expended by them in making improvements. In an action for partition, the only surviving executor was made a party defendant, as the husband of M.; he did not, by his answer, claim any rights as executor, or that he was a proper party as such. *Held,* that the executors took no interest in the lands, but merely a power in trust, to be executed simply for the purposes of distribution, liable to be defeated by a re-conversion into realty of the property which was converted by the will into personalty; that the parties beneficially interested had a right to elect to make such a re-conversion, and their acts showed such an election; that the power of sale thereby become extinguished, and the parties became owners as tenants in common, and so that a partition was proper; also that the surviving executor had no title, interest, or lien upon the property which rendered him a necessary party to the action as such executor; that the provision of the Revised Statutes (1 R. S., 735, § 107), which makes a power of sale a lien or charge upon land, had no application, as the power had ceased to exist; also that equity would not interpose to compel the execution of the power (1 R. S., 734, § 90), as the purpose had been accomplished without its exercise.

The will gave various legacies; this action was commenced seven years after the testator's death; it did not appear that any debts or legacies remained unpaid. *Held,* that these facts did not make the executor, as such, a necessary party; that, as the debts and legacies are primarily to be paid out of the personalty, the presumption was that they had been paid, particularly as no such defense, as that they were unpaid, was set up in the answer or interposed on trial; also that the same presumption also existed as to testamentary expenses.

*Crittenden* v. *Fairchild* (41 N. Y., 289), distinguished.

C., one of the residuary legatees, died leaving a will, by which she authorized her executor, during the minority of the beneficiaries named in the will, to sell or lease jointly with the other owners of the undivided shares in the property. After one of the devisees became of age the executor conveyed to defendant M. all the interest and estate vested in him as such, in one of the lots, part of the hotel property. *Held,* that the deed was invalid and conveyed no title.

By the lease of the hotel property, executed by plaintiff and defendant M. as lessors, they were required to make all necessary repairs; plaintiff made the repairs and also erected a new building, M. acquiescing therein. *Held,* that the share of M. was properly chargeable with its proportion of the expenditures, so also of the costs.

The hotel property consisted of four lots, not contiguous, but all used in carrying on the hotel business. The referee found that the real estate and the personal property, *i. e.*, the furniture, etc , in the hotel could not be sold in separate parcels without greatly depreciating its value, injuring the owners and violating the rights of the lessee ; the judgment directed the whole to be sold in one parcel. *Held,* no error.

There were five residuary legatees named in the will ; one of them was F., who died intestate, leaving no descendants. The pleadings admitted that the parties to the action were the sole owners of the real estate. *Held,* that this precluded an objection that an heir of F. had an outstanding interest and should have been made a party.

(Argued December 16, 1879 ; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment, entered on the report of a referee. (Reported below, 14 Hun, 548.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*C. Bainbridge Smith,* for appellants. A decree for a partition cannot be made unless all the persons interested in the premises are made parties to the suit. (*Burhans* v. *Burhans,* 2 Barb. Ch. R., 398, 407; *Ripple* v. *Gilborn,* 8 How. P. R., 457; *Braker* v. *Devereaux,* 8 Paige, 513; 2 R. S., 218, § 5; 3 id. [Banks' 6th ed.], 584, § 8; Code of Procedure, § 448; *Croghan* v. *Livingston,* 17 N. Y., 225; *Hewlett* v. *Wood,* 62 id., 75, 77.) The same rule obtains, as to a defect of parties, under the Code of Procedure and Code of Civil Procedure. (Code of Procedure, § 122; Code of Civil Procedure, § 452; *Shaver* v. *Brainard,* 29 Barb., 25, 27; *Vanderwerken* v. *Vanderwerken,* 7 id., 221; *Valentine* v. *Wetherill,* 31 id., 655; *Green* v. *Milbank,* 3 Abb. [N. C.], 138, 156.) Non-joinder of parties will render a judgment of sale void, as to those parties, and will justify a purchaser in refusing to take title. (*Alvord* v. *Beach,* 5 Abb., 451; *Rogers* v. *McLeon,* 10 id., 306; *Burhans* v. *Burhans,* 2 Barb. Ch. R., 398, 407; *Ripple* v. *Gibbon,* 8 How., 456; 5 Wait's Practice, and cases cited; *Jordan* v. *Poillon,* 20 Alb. Law J., 74.) It is no answer

to an objection of defect of parties that the defect was not taken advantage of by the defendants in their answer, or if such defect appeared upon the face of the complaint that they did not demur. (*Shaver* v. *Brainard*, 25 Barb., 25; *Vanderwerken* v. *Vanderwerken*, 7 id., 221; *Van Epps* v. *Van Dusen*, 4 Paige, 64, 76; *Greenleaf* v. *Queen*, 1 Peters' R., 137, 148; *Burhans* v. *Burhans*, 2 Barb. Ch., 398; *Van Epps* v. *Van Dusen*, 4 Paige, 75, 76; 10 N. Y., 521, 522, 549; *Greenleaf* v. *Queen*, 1 Peters' R., 137, 148; *King* v. *Donnelly*, 5 Paige, 46; 1 Barb. Ch. Pr., 320, 321; *Lord* v. *Underdunk*, 1 Sandf. Ch., 46, 51.) Gerhard Janssen, as executor of the last will and testament of Francis Blancard, has an interest in and lien upon the property in question, and he should be made a party defendant to this action, and this defect of parties may be raised, without setting it up in the answer. (Barbour on Parties, 439, *et seq.*; Edwards on Parties, 25; *King* v. *Donnelly*, 5 Paige, 46; 1 R. S., 729, § 56; 2 id. [Banks' 6th ed.], 1109, § 69; Willard on Real Estate and Con., 242, 249; 1 R. S., 735, § 107; id., 734, § 96; *Ford* v. *Belmont*, 7 Robt. S. C. R., 97, 111, 508; *Hertzell* v. *Barber*, 69 N. Y., 1, 363; *Crittendon* v. *Fairchild*, 41 id., 289; 1 R. S., 729, §§ 56, 107; *Young* v. *Brush*, 28 N. Y., 667, 673; 2 R. S., 327, § 63; 3 id. [Banks' 6th ed.], 594, § 77; 2 R. S., 109, § 57; 3 id. [Banks' 6th ed.], 12, § 75; *Stagg* v. *Jackson*, 2 Barb. Ch. R., 86; S. C., affirmed, 1 N. Y., 206; *Clark* v. *Clark*, 8 Paige, 152, 157; Willard on Executors, 421; 2 R. S., 218, § 5; Code of Proc., § 122.) It was not enough to make him a party defendant, as the husband of his wife. (*Austin* v. *Moore*, 47 N. Y., 360; *Darrin* v. *Hatfield*, 1 Seld. Notes, 38; 4 Sandf. S. C. R., 468.) Charles Blancard, a son of the testator, should have been made a party defendant in this action. (*Van Beuren* v. *Dash*, 30 N. Y., 393; *Gill* v. *Brower*, 31 How. Pr., 540; S. C., affirmed, 37 N. Y., 631; *Johnson* v. *Johnson*, 12 Rich. Eq., 259; *Wilkins* v. *Earle*, 44 N. Y., 192.) The Pavilion Hotel property had been converted into personalty, by the will of Francis Blancard, before the death of Caro-

line, and she had no power or authority to reconvert it into realty. (*Oxendon* v. *Lord Compton*, 2 Ves., 69; Leigh & Dalzell on Eq. Con., [5 Law Lib.], 89; *Smith* v. *Kearney*, 2 Barb. Ch. R., 533–551; *Graham* v. *Dickenson*, 3 id., 169; *Couch* v. *Delaplaine*, 2 N. Y., 397.) When a possession has once been held or taken *eo nomine*, as a tenant in common with others, it may afterward become adverse, and it becomes so when the co-tenant has notice that the holding is adverse. (Freeman on Cotenancy and Part., § 229, 242; *Zeller's Lessees* v. *Eckhert*, 4 How. U. S. R., 289, 295.) A subsisting adverse possession is an absolute bar to an action of partition. (*Florence* v. *Hopkins*, 46 N. Y., 182–184; *Garret* v. *White*, 3 Iredell's [N. C.] R., 131.) The testimony was not sufficient to justify a sale of the real estate in one parcel; and there is no authority to order a sale of the premises unless the court shall be satisfied that any distinct lot, tract, or portion thereof is so situated that a partition cannot be made without great prejudice to the owners. (2 R. S., 323, § 37; 3 id. [Banks' 6th ed.], 590, § 46; *Tucker* v. *Tucker*, 19 Wend., 226; *Fleet* v. *Dorland*, 11 How. Pr., 490.) The court is not restricted to a partition of the whole, but may partition part and sell the remainder. (*Haywood* v. *Judson*, 4 Barb., 223; 71 Rule of Supreme Court.) It seems that a court of equity has power to decree a partition of personal property, or a sale thereof, where partition is impracticable, and order a division of the proceeds; but the court has no power to sell such personal property, with realty, in one parcel. (*Tinney* v. *Stebbins*, 28 Barb., 290; *Fobes* v. *Shattuck*, 22 id., 568; *Tripp* v. *Riley*, 15 id., 333; *Channon* v. *Lusk*, 2 Lans., 213.)

*Joshua M. Van Cott*, for respondents. The executors took nothing but a power in trust. (*Hertzell* v. *Barber*, 69 N. Y., 1; *Embury* v. *Sheldon*, 68 id., 233; *Chittenden* v. *Fairchild*, 41 id., 289; *Kinnier* v. *Rogers*, 42 id., 531; *Skinner* v. *Quin*, 43 id., 99; *Heermans* v. *Robertson*, 64 id., 332; *Bruner* v. *Meigs*, 64 id., 506; *Moncrief* v. *Ross*, 50 id., 431; *Acker-*

*man* v. *Gorton*, 67 id., 63; *Stevenson* v. *Lesley*, 70 id., 513; *Jennings* v. *Conboy*, 73 id., 230; *Moncrief* v. *Ross*, 50 id., 431; *Manice* v. *Manice*, 43 id., 304.) The testator, by the direction to the executors to sell it, converted the real estate into personal, out and out. (Leigh & Dalzell on Eq. Con., [5 vol. of Law Lib.], m. p., 168; *Hertzell* v. *Barber*, 69 N. Y., 1, 11; *Multon* v. *Brigg*, L. R. [1 Ch. Div.], 385; 1 Jarman on Wills, 523, *et seq.*) As those who were absolutely entitled to the proceeds, if a sale had been made by the donees of the power, could themselves sell, and did sell, to the plaintiff; and as no purpose of the will required a sale, the power was thereby extinguished. (*Hertzell* v. *Barber*, 69 N. Y., 12, 14; *Jackson* v. *Jansen*, 6 J. R., 73; *Sharpsteen* v. *Yillow*, 3 Cow., 651; *Reed* v. *Underhill*, 12 Barb., 113; *Garvey* v. *McDewitt*, 72 N. Y., 556, 563.) If the objection that the action is defective in respect of parties, can be first taken on an appeal, it may be answered by the production of record evidence which refutes it. (*Dewey* v. *Moyer*, 72 N. Y., 70, 79.) The executor was not a necessary party, as there was no evidence that any debt or legacy remained unpaid when this action was brought. (*Kinnier* v. *Rogers*, 45 N. Y., 534; *Van Vechten* v. *Keator*, 63 id., 52; *Beran* v. *Cooper*, 72 id., 317; *Jennings* v. *Conboy*, 73 id., 230–237.)

MILLER, J. The complaint in this action demands an equitable partition or sale of several pieces of land therein described, upon a portion of which was erected a hotel, called the Pavilion Hotel, together with the personal property, consisting of furniture in said hotel, and that an account be taken of the disbursements and expenditures made by the plaintiff, Augustus Prentice, for the benefit of and as additions to said property, and that the share of the defendant, Mary Ann Janssen, be charged upon the same and deducted from her portion of the proceeds of the sale of the property. The land belonged to Francis Blancard at the time of his decease in 1868, and the title is derived under the provisions of his last will and testament. The plaintiff, Augustus Prentice,

holds three-fourths, by conveyances from the residuary legatees or their representatives, and the defendant, Mary Ann Janssen, the remaining one-fourth. The defendant last named has joined with the plaintiff in making leases of the property since 1873 ; large sums have been expended in making improvements by the owners, and the rents have been received and applied in part, if not entirely, for that purpose.

The residuary clause in the will of Francis Blancard devised and bequeathed his property to five of his children, among whom were Francis H. Blancard and the defendant, Mary Ann Janssen. It also authorized Francis H. Blancard to carry on the hotel business in the Pavilion Hotel, for the term of five years, if he so desired, and the executors were empowered and directed, after the testator's death, to sell and convert into money all the real and personal property of which he should be seized or possessed, including the hotel property, after the right of occupancy of his son had ceased, as they should deem advisable, and divide the proceeds equally among the residuary legatees. The son, Francis H., died before the testator, and no action was ever taken by the executors to sell the property, and it remained undisposed of, and was used and regarded by the owners as real estate to which they had title. Only one of the executors, the defendant, Gerhard Janssen, was living at the time of the commencement of this action, and he is made a party, as the husband of the defendant, Mary Ann Janssen, and does not by his answer claim any rights as executor or that he is a proper party as such. The answers admitted that plaintiff and the defendant, Mrs. Janssen, owned the property as tenants in common. We think that under the provision cited from the testator's will, the executors who were donees of a power took no estate in the lands as trustees, but merely a power in trust to be executed for the purposes of distribution, according to the will, which was liable to be defeated by a reconversion of the property, which was made personal by the will, into real estate.

The testator, by the authority and direction to his executors to sell the real estate, constructively converted the same into personal estate, and, being thus converted, the residuary legatees were entitled to take the same as such and had a right at their election to reconvert into real estate. No distinct and positive act is required for such a purpose, and the rule applicable to such a case is that "in the reconversion of real estate, a slight expression of intention will likewise be considered sufficient to demonstrate an election on the part of those absolutely entitled:" (Leigh & Dalzell on Eq. Conversion [5th vol. of Law Library], m. p., 168; *Mutlow* v. *Bigg*, L. R. [1 Chan. Div.], 385; 1 Jarman on Wills, 523, *et seq.*) The real estate was not disposed of by the executors under the provisions contained in the will, and as there was no lawful purpose for which a sale was absolutely required, there was no obstacle to prevent a reconversion of the same by the parties in interest from personal into real estate. This they elected to do by positive and unequivocal acts. Three of the four residuary interests were conveyed to the plaintiff, Augustus Prentice, and the defendant, Mary Ann Janssen, retained the other one-fourth. The whole has since been enjoyed, possessed and treated the same as real estate. This was done by the acquiescence of the executors and all the parties in interest, not only by possession, but by acts showing their intention beyond any question. In Story's Equity Jurisprudence (§ 793), it is said that if land is directed to be converted into money merely, the party entitled to the beneficial interest may, if he elects so to do, prevent any conversion of the property and hold it as it is. This has been done by the residuary legatees here; and as the lands were not sold and disposed of by the executors, and no diversion made, the rule applies that the person entitled to the money, being of lawful age, can elect to take the land, if the rights of others will not be affected by such election. (*Hetzel* v. *Barber*, 69 N. Y., 1, 11.) No rights of other parties were injured by the election to reconvert; and as three-fourths of the residuary interests had been sold

and conveyed to the plaintiff by those who were entitled to the proceeds of a sale, if one had been made under the power, and the owner of the remaining one-fourth had assented to the reconversion, by exercising acts of ownership, and the purpose of the power had become unattainable, the power to sell became extinguished, and the plaintiff and defendant already named became owners as tenants in common. (*Hetzel* v. *Barber, supra; Garvey* v. *McDevitt*, 72 N. Y., 563.) Neither the will itself nor the surrounding circumstances evince in any way that the testator intended not only to confer a power of sale, but that the exercise of such power would become absolutely necessary to enable the executors to make the distribution required to the residuary legatees, within the principle laid down in *Crittenden* v. *Fairchild* (41 N. Y., 289, 292), which is relied upon by the defendant's counsel. The facts here are far different from the case cited. The distribution was actually made and the purpose of the will fully accomplished by the reconversion of the personal estate into real estate by the parties in interest, as is quite obvious, and each of the legatees had received their full share as directed; thus rendering the exercise of the power of no avail. It follows that the executors having only a power to sell for the purpose of distribution — which power never was exercised, and which became of no use, by reason of the reconversion of the land into realty — Gerhard Janssen, the surviving executor, had no right, title, interest, or lien upon the property, which rendered him a necessary party to the action as such executor. The provision of section 107 (1 R. S., 735), which makes a power of sale a lien or charge upon the land, has no application when it had ceased to operate, and was of no practical use. As by the reconversion no interest remained in the executors, there could be no lien or charge upon the land. Equity would not interfere to compel the execution of the power under 1 Revised Statutes, page 734, section 96, because the purpose had been accomplished without its exercise.

Nor was it necessary that Gerhard Janssen, the surviving

executor should be a party for any other reason. In regard to the payment of debts and legacies there was no evidence that any debt or legacy remained unpaid when this action was brought. Seven years had then elapsed, and as debts and legacies are primarily to be paid out of the personal estate, unless express directions or a clear intent to the contrary is found, or to be gathered from the will (*Bevan* v. *Cooper*, 72 N. Y., 317; *Kinnier* v. *Rogers*, 42 id., 531), the presumption is that they have been paid. The burden of proof was on the defendants to establish that they were not, if such was the fact. No such defense was set up in the answer or interposed upon the trial, and as the case stood the plaintiff was not required to show that the debts and legacies had been paid. The same remarks will apply to the point made, that there was no payment or accounting for the testamentary expenses.

Charles Blancard, a son of the testator, was not, we think, a necessary party defendant in this action. By the will he is bequeathed the sum of $5,000, and he is not named therein as a residuary legatee. It is claimed that he became entitled to an interest in the residuary portion of the estate which was given by the testator to his brother Francis, who died before the testator, without leaving any child or descendant, and that the share bequeathed and devised to Francis lapsed and his share descended to the testator's heirs at law, that Charles Blancard was one of them and, therefore, a necessary party to the action. Without considering the question whether the devise to Francis H. Blancard having lapsed it passed, under the residuary clause, to the four children named who survived him, or whether the papers produced upon the argument of this appeal, showing that Charles Blancard had sold and conveyed away all the interest which he may have had in the property, and, therefore, was not a proper and necessary party to the action, it is sufficient to say that the point does not arise upon the record before us, and it is a complete answer to the objection that the admission made by the pleadings, that the plaintiff and the defend-

ant are the sole owners of the real estate, dispensed with the production of evidence upon the trial to establish such fact and preclude the objection that Charles Blancard had an outstanding interest as an heir at law, under the residuary clause in the will of Francis Blancard.

No title was acquired by the deed from Wemple, as executor of Caroline Blancard, deceased, of the interest of the decedent in one of the lots of the Pavilion Hotel, to the defendant, Mary Ann Janssen. Nor is there any valid reason why Mrs. Janssen should be subrogated, in this action, to his rights because the real estate had been converted into personalty. By the will of Caroline Blancard the executor was authorized and empowered, during the minority of the nephews and nieces of the testatrix, to whom she had given one-half of the property, to sell or lease jointly with the other owners of the undivided shares therein. After one of the devisees became of age the executor conveyed to Mrs. Janssen all the interest and estate vested in him as such. He had no estate in the premises, and only a power in trust, which was to be executed while the devisees were in a minority in connection with the other owners. He had, therefore, no authority to execute the conveyance to Mrs. Janssen, and the deed was invalid and conferred upon her no title. Subsequently Mr. Wemple, as special guardian of one of the devisees who was an infant, by order of the court conveyed all of her interest under the will of Caroline Blancard, including that which had been previously attempted to be conveyed to Mrs. Janssen, to the plaintiff, Augustus Prentice, and by other conveyances the interest of the other devisees was acquired by him. As the executor had no authority to convey the premises, the right acquired by the deed of the special guardian could not be affected by the knowledge of the purchaser of the conveyance to Mrs. Janssen.

We think that the share of Mrs. Janssen was properly chargeable with its proportion of expenditures made by Augustus Prentice, the plaintiff, for repairs and improve-

ments of the property. By the lease $5,000 was to be applied for improvements and repairs. It was supposed that they would not exceed that amount ; but the covenant to make repairs was properly construed by the referee to mean that the lessors were to make all repairs, whether they exceeded the sum named or not. It also appears from the referee's findings that Mrs. Janssen after she had knowledge that the repairs exceeded the sum specified, assented to the appropriation of additional sums due for rents, to be used in making improvements ; that she stood by and did not object to the erection of a new building, and she thus acquiesced in all the expenditures actually made. Under such circumstances there certainly was an implied obligation that she should pay her share of the moneys expended for the benefit of the property in which she had a common interest, and they are a proper charge against the defendant's portion of the real estate sought to be partitioned or sold. In making the repairs the plaintiff, Augustus Prentice, did not occupy the position of a volunteer, without any authority of his cotenant, but acted under the lease, which, as we have seen, covered the amount actually expended, and that this was done with the assent and approval of the defendant. The case of *Taylor* v. *Baldwin*, (10 Barb., 582, 626), which is relied upon by the defendant's counsel is not adverse to the views expressed.

There is no valid objection to charging the defendant's share of the proceeds of the sale with the amounts expended, as found by the referee. These expenses were incurred in reference to the property under special circumstances which, we think, render it chargeable therewith, and the judgment properly provided for the payment of defendant's proportion out of her share of the avails realized upon a sale. Nor is any reason shown why she should not be charged with her share of the costs, as found by the referee.

There was no error in the allowance of the architect's fees. Although there is some confusion in the referee's report in regard thereto, it nevertheless appears from the receipts intro-

duced in evidence that the amounts charged in the account were actually paid to him.

We think the court properly ordered that the sale of the real estate and the personal property should be made as one parcel. The real estate as the referee found was so situated that a sale of one portion would interfere materially with the value of the remainder, and the personal property, being purchased for the benefit of the hotel, was of such a character that it could be disposed of more advantageously by a sale with the real estate than by a separate sale. No reason, therefore, exists why the sale of the whole real and personal estate should not be made together in a single lot. We have examined the authorities cited by the defendant's counsel upon the question last considered, and none of them sustain the position that the court has not the power, in an equitable action, where the parties are tenants in common of real and personal property, to direct a sale of both in one parcel when their interest will be promoted by such a sale.

There was no error, and the judgment should be affirmed. All concur.

Judgment affirmed.