## SUPREME COURT.

SIMEON M. GALLUP, as executor, and another, agt. HELEN M. WRIGHT and others.

*Construction of will — Latent ambiguity — Extrinsic evidence.*

The testatrix, who left a niece, Fanny R. Gibson, and a grandniece, Fanny Gibson, mother and daughter, gave $1,000 "unto my grandniece, Fanny R. Gibson:"

*Held*, that this constitutes a case of latent ambiguity or equivocation, as to which extrinsic evidence was admissible to prove which of the persons were intended by the testatrix; and as the mother was the nearest of kin to the testatrix, a presumption arises that she was intended.

By force of the positive direction in the will to the executors, to sell the real estate of the testatrix and convert the same into cash, there was an equitable conversion of the real estate into personalty at her death.

*Special Term, June,* 1881.

ACTION for construction of will of Caroline C. Sherwood.

*Lord, Day & Lord,* for plaintiffs.

*William A. Boyd,* guardian *ad litem,* for infant defendants.

*E. L. Lowe,* for defendant Margaret Malloy.

*Olin T. Ackley,* for defendant Fanny R. Gibson.

*Joseph Auerback,* for defendants.

VAN VORST, *J.* — By force of the ninth paragraph of the will, which contains a positive direction to the executors to sell the real estate of the testatrix, and to convert the same into cash, there was an equitable conversion of the realty into personalty at the death of the testatrix (*Taylor* agt. *Dodd,* 58 *N. Y.,* 335; *Prentice* agt. *Janssen,* 79 *N. Y.,* 485; *Power* agt. *Cassidy, Id.,* 602, 613). In addition to the absolute direction to sell, such disposition is necessary to effectuate the gifts and legacies which are chargeable thereon, and payable out of the proceeds. Some of the legacies are in terms made payable out of the proceeds of the estate. That includes both the real and personal property (*Taylor* agt. *Dodd, supra*). But all the legacies which are payable in money are, in effect, chargeable on the whole of the estate, real and personal. The residuary clause gives and devises " all the rest, residue and remainder of my estate, both real and personal." There could be no rest, residue and remainder of real estate unless something had been taken from the entirety. That something is the legacies. This conclusion is well sustained by authorities (*Tracy* agt. *Tracy,* 15 *Barb.,* 503; *Reynolds* agt. *Reynolds,* 16 *N. Y.,* 261; *Shulters* agt. *Johnson,* 38 *Barb.,* 80; *Forster* agt. *Civill,* 20 *Hun,* 282). In

case of a failure to realize sufficient to pay all the legacies in full, the unpreferred legacies must proportionately abate.

I adhere to the view which I expressed on the argument — that Margaret Malloy is entitled to receive from the executors, out of the proceeds of the estate, the sum of $300, in addition to the sum of $1,000 given to her.

An important question arises as to who is to take the gift of $1,000 created by these words : "I hereby give and bequeath unto my grandniece, Fanny R. Gibson, the sum of $1,000."

The testatrix left a niece, Fanny R. Gibson, and a grandniece, Fanny Gibson. The former is the mother of the latter, who was an infant of the age of three years at the death of the testatrix. A claim is interposed to this legacy on the behalf of both mother and daughter. It will be seen that neither mother nor daughter fully answer the description.

This constitutes a case of latent ambiguity or equivocation ; and the extrinsic evidence offered was proper to be received and considered. The general rule is undoubtedly that extrinsic evidence of the testator's intention is inadmissible in explanation of a will ; but to this rule there are exceptions, and the present case is within the exceptions. When the object of the testator's bounty is described in terms which are applicable indifferently to more than one person, evidence is admissible to prove which of the persons was intended by the testator ( *Wigram's 7th Proposition on Extrinsic Evidence ; Reynolds* agt. *Robinson,* 82 *N. Y.,* 103, 107).

The testatrix left no grandniece bearing the name of Fanny R. Gibson, but she left her surviving a niece of that name. Her grandniece, as already observed, was named Fanny Gibson. Which of the two was intended to receive the gift ?

In favor of the claim of the mother, Fanny R. Gibson, it may be well urged that as she was nearer in kin to the testatrix than her infant daughter Fanny, a presumption arises that the testatrix intended the former (*Smith* agt. *Smith,* 1 *Edw. Ch.,* 192). This consideration is, however, outside the question of extrinsic evidence.

Baldwin agt. Perry.

Mrs. Sarah E. Reed, a sister of the testatrix, and the grandmother of Fanny Gibson, has testified that her daughter, Fanny R. Gibson, was a favorite niece of the testatrix; that the testatrix had very little acquaintance with or knowledge of her grandniece Fanny Gibson, never having seen the latter but two or three times, and then when she was a young child.

It also appears that Fanny R. Gibson has two daughters. The eldest, who is in her seventeenth year, was named after her uncle, Judge SHERWOOD, and her aunt Sherwood, the testatrix," who was often at her aunt's house, and was a favorite there. Yet no mention of this child is made in the will, and the mother is also wholly ignored, unless this legacy of $1,000 was designed for her.

Again, it appears by the evidence of Mrs. Reed that after the will was executed the testatrix said to her, " I have given your daughter Fan. $1,000; I do it to please you." This declaration of the testatrix must be accepted as clear evidence that the niece of the testatrix, Fanny R. Gibson, is the person to whom the legacy of $1,000 was given, and that she is entitled to receive the same.

This disposes of all the questions raised in respect to the construction of the will, and judgment is ordered accordingly.