(17 Misc. Rep. 311)

### SMITH v. FARMER TYPE–FOUNDING CO.

(City Court of New York, General Term.   June 30, 1896.)

TESTAMENTARY POWER OF SALE—HOW DEFEATED.

    A power of sale in trust to sell real estate, and distribute the proceeds among the beneficiaries, may be defeated by the parties giving notice to the trustee that they elect to take the land instead of the proceeds.

Action by Charles C. Smith, as executor, against Farmer Type-Founding Company.   A verdict was directed in favor of plaintiff, and defendant's exceptions were ordered to be heard at general term in the first instance.   Judgment for defendant.

Argued before VAN WYCK, C. J., and O'DWYER, J.

D. C. Briggs, for plaintiff.

Durnin & Yates, for defendant.

VAN WYCK, C. J.   The plaintiff sues as executor and trustee under the will of Mrs. Gregg, deceased, for rent for March, 1896, of premises of which she died seised, and which by her, in writing, were leased to defendant's assignors in her lifetime.   Her will was probated in 1892, and letters testamentary then issued to plaintiff, and by the sixth clause of her will she devised and bequeathed to her executor (plaintiff) the residue of her estate, including the premises in question, with power to sell same, and to collect the rents thereof until sold, and directed that the fund realized from such sale and such rents, except $1,200, which was to be paid annually to two daughters, until so sold, be divided into two equal parts; one of which she devised and bequeathed to one of these daughters, Mrs. Hillyard, her heirs and assigns, forever, and the other part the plaintiff was directed to reinvest, and to pay the income thereof to the other of these daughters, Mrs. Gowing, during her life, and at her decease to pay the fund so reinvested to her (Mrs. Gowing's) two daughters, Claudine and Edith, share and share alike.   By this clause of the will the plaintiff, during Mrs. Gowing's life, had a power to sell in trust for the purpose of distribution and a trusteeship of Mrs. Gowing's share.   At the time that the rent sued for became due, he had failed to execute his power in trust by selling the property, and his trusteeship had been defeated by the death of Mrs. Gowing, who left, her surviving, her daughters, Claudine and Edith, both adults.   These two granddaughters of the testatrix and their aunt, Mrs. Hillyard, had then the lawful right to defeat plaintiff's power in trust—power of sale—by electing to take the real property, the rent of which is herein sued for, and prevent its actual conversion into personalty; and the proof at trial was that they so elected, and gave due notice of such election to both plaintiff and defendant before this rent became due, and which defendant refused to pay to plaintiff, contending that if Mrs. Hillyard and the testatrix's two granddaughters had lawful right to defeat plaintiff's right to collect rent, and had so done by notice of election, then that he had no cause of action for this rent, and that payment to him would not be a defense to an action brought by them for the same

ent against defendant, who had been notified of the destruction of his estate in trust by the death of Mrs. Gowing, and of his power in trust by election of those entitled to the subject-matter thereof. The death of Mrs. Gowing certainly divested plaintiff of all estate in the premises except the naked power in trust to sell for the purpose of distribution under the will, and such power in trust can certainly be defeated by the parties specifically entitled to such distribution, if of lawful age, and, if the rights of others will not be affected, by simply giving notice to the person in whom the power in trust is lodged that they elect to take the land instead of the fund which would be realized from its sale. This is not the destruction of a trust, but the defeating of a power in trust. Prentice v. Janssen, 79 N. Y. 478. Mrs. Hillyard and her two neices were the only persons who had cause of action for the rent of the premises for March, 1896, and the verdict should not have been directed for plaintiff, but for the defendant, who is entitled to judgment and an extra allowance of 5 per cent. upon the claim.