(18 Misc. Rep. 434.)

SMITH v. A. D. FARMER TYPE-FOUNDING CO.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

1. TRUSTEES—POWERS—TERMINATION.
   The power of a trustee to sell real estate, and until sold to manage it, and collect rents, is terminated by a notice from the beneficiaries that they elect to take their respective interests in the property, instead of the proceeds. 40 N. Y. Supp. 356, affirmed.

2. SAME—UNPAID BEQUESTS.
   The right of beneficiaries, under a devise in trust, to take the property, instead of its proceeds, is not affected by the fact that certain bequests had not been paid where they were not charged on the land, and their payment formed no part of the trust.

3. COSTS—TRUSTEE PLAINTIFF.
   Costs cannot be awarded against a trustee personally (Code Civ. Proc. § 3246), except on special motion after due notice.

Appeal from city court of New York, general term.

Action by Charles C. Smith, as executor and trustee of the will of Adaline L. Gregg, deceased, against the A. D. Farmer Type-Founding Company, to recover rent. From an order of the city court (40 N. Y. Supp. 356) sustaining defendant's exceptions and ordering judgment absolute for defendant and against plaintiff personally for costs, plaintiff appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

D. C. Briggs (A. Perry, of counsel), for appellant.
Durnin & Yates (B. Yates, of counsel), for respondent.

McADAM, J. On January 29, 1887, an indenture of lease was executed by Adaline L. Gregg, then of the city of Brooklyn, to Aaron D. Farmer and others, composing the firm of Farmer, Little & Co., of the premises known as Nos. 62 and 64 Gold street, in the city of New York, for the term of 10 years from May 1, 1887, at the yearly rent of $3,500, payable in equal monthly payments of $291.67 each, in advance. The lessees entered under the lease, and occupied the premises until about July 6, 1892, when they organized a corporation by the name of the A. D. Farmer Type-Founding Company, the defendant herein. The defendant succeeded the firm in business, and assumed the obligations and covenants of the lease, and has since occupied the demised premises under the lease. On February 17, 1892, the lessor died seised of said premises, leaving a will, by which the plaintiff was appointed the sole executor and trustee of her estate. The will was duly admitted to probate on April 27, 1892, and letters testamentary were issued to the plaintiff, who duly qualified, and entered upon the duties of his office. The action was to recover rent under the lease for March, 1896. The trial judge directed a verdict in favor of the plaintiff, the exceptions to be heard in the first instance at general term. After argument the general term sustained the exceptions, and directed judgment absolute in favor of the defendant, with costs, from which order, and the judgment entered thereon, the present appeal is taken.

The question involved goes to the plaintiff's right to maintain the action, and this depends upon whether his powers as trustee under the will were in force at the time suit was brought. By the sixth clause of the will the property in question, with the balance of the residuary estate, was devised to the plaintiff, the executor named in the will, to have and hold the same in trust, with authority to manage, lease, mortgage, and sell and dispose of said real estate, and to divide and apportion the rents, issues, and proceeds of the sale thereof in two equal parts, one of which was devised and bequeathed to her daughter Mrs. Josephine Hillyard, and her heirs and assigns forever, to be paid as follows: $600 per year until the property was sold, and upon the sale to pay her or them the remainder of her portion of the rents, together with the entire proceeds of her share. Out of the other equal part of said rents the executor was directed to pay $600 per year to Mrs. Minnie Gowing, another daughter of the testatrix, until the real estate was sold; and in case of a sale $500 was to be allowed her, together with the income from the balance of her share of the proceeds during her life; and on her death her share of the rents and proceeds of sale was given and bequeathed to her children and the grandchildren of the testatrix, to be equally divided between them, and to belong to them and their heirs forever. It thus appears that a trust was created as to Mrs. Gowing (2 Rev. St. [9th Ed.] p. 1797, § 55), which terminated on her death in February, 1893. Upon the termination of this trust the estate vested in Mrs. Hillyard, Claudine G. Belding, and Edith S. Davison, heirs at law and next of kin of Mrs. Gowing, subject to the power of sale, if they conceded there was a necessity for its exercise. But they determined, as they lawfully might, to render the power nugatory, and, being of full age, they, with that end in view, on March 1, 1896, caused to be served upon the plaintiff notice that they elected to accept their respective parts, shares, and interests in the real estate instead of the proceeds of a sale. The real estate was not disposed of by the executor under the provisions contained in the will, and, as there was no lawful purpose for which a sale was absolutely required, there was no obstacle to a reconversion of the same by the parties in interest. Prentice v. Janssen, 79 N. Y. 478, 485; Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498; McDonald v. O'Hara, 144 N. Y. 566, 39 N. E. 642. The rule that the exercise of the power of sale may be defeated whenever the devisees unite and elect to take the land instead of money has been applied to discretionary as well as to mandatory powers. Tabor v. Willets, 1 App. Div. 285, 37 N. Y. Supp. 233; Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. And see Power v. Cassidy, 79 N. Y. 602, at page 613. The statute provides that "when the purposes for which an express trust shall have been created shall have ceased, the estate of the trustee shall also cease." 2 Rev. St. (9th Ed.) p. 1801, § 67. The property having been reconverted prior to March 21, 1896, when the action was commenced, and the trust having ceased, the right of action for the rent claimed did not belong to the plaintiff as executor or trustee, but to the beneficiaries under the will, to whom

the land belonged, and it passed to them as an incident of their ownership; hence the judgment directed by the trial court in favor of the plaintiff was properly reversed, and one in favor of the defendant ordered. The court, in Hetzel v. Barber, 69 N. Y., at page 11, after referring to the rule that, where land is to be converted into money by the exercise of a power of sale, the persons entitled to the money (being of lawful age) can elect to take the land, where the rights of others will not be affected by the election, holds that when the purpose becomes wholly unattainable the power ceases; and that this is so although the purpose is defeated by the voluntary act of the person for whose benefit the power was created. See, also, Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413; Scholle v. Scholle, 113 N. Y. 261, 21 N. E. 84.

The point advanced that the trust continues because it does not appear from the case that certain bequests have as yet been paid, is without merit. The bequests were not made charges on the land, nor did their payment form any part of the trust on which the property was devised. Clift v. Moses, 116 N. Y. 144, 22 N. E. 393. Independently of this, the legal presumption is that the bequests have been satisfied according to law; and, if they have not, the fact was one peculiarly within the plaintiff's knowledge, and in respect to which the burden of proof was upon him in order to sustain his theory that the trust continued. Prentice v. Janssen, 79 N. Y., at page 487.

Another point raised by the plaintiff requires consideration. The general term of the court below, in directing judgment absolute for the defendant, awarded against the plaintiff personally all the costs of the action, together with an extra allowance of 5 per cent. upon the amount of the claim. It had no power to make such a direction, except "for mismanagement and bad faith in the prosecution * * * of the action." Code, § 3246; Hone v. De Peyster, 106 N. Y. 645, 13 N. E. 778; Wilbur v. White, 56 How. Prac. 321. No application to charge the plaintiff personally with the costs was made in the court below. Such an application, according to the practice, requires a special motion upon notice. Slocum v. Barry, 38 N. Y. 46. No affidavits were read pro or con, and no hearing in defense appears to have been afforded. Indeed, the order itself does not recite that "mismanagement or bad faith" was even charged, nor does it contain any adjudication whatever upon the subject. Jack v. Robie, 48 Hun, 181, 185. The action, if maintainable at all, was necessarily brought by the plaintiff in his representative capacity. The fact that the general term disagreed with the result arrived at by the trial judge raised no inference of bad faith, and in and of itself furnished no grounds for departing from the ordinary course pursued of allowing the costs to be collected from the estate when the action is by an executor or trustee in his representative capacity. 3 Wait, Prac. 530, 531; Dodge v. Crandall, 30 N. Y., at page 308; Lindslay v. Deafendorf, 43 How. Prac. 90.

It follows that so much of the order appealed from as reverses the trial term and awards judgment in favor of the defendant must

be affirmed, and that that part which directs the costs to be paid by the plaintiff personally must be reversed, with liberty, however, to the defendant to make an application to the court below in respect to charging the plaintiff personally with said costs on notice and proof of "mismanagement and bad faith," as it may be advised. No costs to either party upon this appeal.　All concur.