(55 Misc. Rep. 587)

## STEBBENS v. TURNER et al.

(Supreme Court, Special Term, Orange County. July 27, 1907.)

**1. EXECUTORS—DUTIES—SALE OF REAL ESTATE.**

Where there is not only a power but a direction in a will to the executor to sell testator's real estate, it is the executor's imperative duty to comply therewith.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 560–562.]

**2. CONVERSION—REAL ESTATE—POWER OF SALE.**

Where executors are clothed with the power and it is made their imperative duty to sell testator's real estate and distribute the proceeds as provided by the will, the real estate is deemed converted into personalty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Conversion, § 28.]

**3. SAME.**

Testatrix devised all her property to her sister for life, and "immediately" at her death devised all of such property, or the proceeds thereof in case of the disposal of any part, first, $500 each to her sister, and niece, and then to another niece and plaintiff all the residue both real and personal in fee. By the fourth clause of the will the executors were directed, in case they deemed it for the best interest of the estate, to dispose of any part of the realty with the concurrence of testator's sister and to invest the proceeds in safe securities. *Held*, that the will did not create an imperative duty on the part of the executors to sell the real estate, but merely vested them with a discretion so to do, so that, on the death of the life tenant before sale, the real estate vested at once in the remaindermen as real property; there being sufficient personal property to pay debts and legacies.

Action by Harriet D. Stebbens against Josephine Turner and others. Judgment for plaintiff.

McClung & Kohl, for plaintiff.
H. W. Chadeayne (Darwin W. Esmond, of counsel), for defendants.

MORSCHAUSER, J. The plaintiff brings this action and asks for a partition or sale of the premises mentioned in the complaint, claiming to be the owner as tenant in common of the premises with Josephine Turner, her mother. The defendant Josephine Turner, after admitting the several allegations of the plaintiff's complaint, alleges that Henry W. Chadeayne, as executor of said will of Caroline Duncan, deceased, was authorized to dispose of the real estate, and that the title never vested in the plaintiff or in the defendant, and that the only person having the right to sell the premises was Henry W. Chadeayne, the sole surviving executor, and that it would be a waste to have the partition or sale of the premises. The answer of the sole surviving executor, Henry W. Chadeayne, admits several allegations of the complaint, and alleges that the title to the premises never vested in the plaintiff or her mother, Josephine Turner, and that he is the proper person to sell and dispose of the real estate, and that it was not for the best interest of the estate to sell said premises at this time. He denies the right of the plaintiff to maintain the action in partition, or to

105 N.Y.S.—60

waste the estate thereby in needless costs; nor has any request been made of him to sell the estate, nor has he ever refused to do so, but that it was the scheme of the will to provide a valid trust for the collection of the rents and income and payment of the life estate, and on death of executrix to distribute the same. He asks that the plaintiff's complaint be dismissed, or that this defendant be directed to sell and convey the lands and premises set forth in the complaint and distribute the fund under the will.

On the trial it was admitted that all the debts of decedent are paid, and it appears that the personal property is sufficient to pay the legacies mentioned in the second clause of said will. It was admitted on the trial that at no time since Mr. Chadeayne became executor of this estate has he believed it to be for the best interest of the estate to sell the real property, and it appears that he never was requested to sell it, that he made efforts to sell it, and that his acts and the management of the estate as executor are approved.

The will of the decedent is as follows:

"I, Caroline Duncan, of the town of Cornwall, county of Orange, and state of New York, being of sound mind and memory, do make, ordain, publish, and declare this to be my last will and testament; that is to say:

"First. After all my lawful debts are paid and discharged. I give, devise, and bequeath all the property of which I may be possessed at the time of my death, both real and personal, of every name and nature whatsoever, unto my beloved sister Mary D. Faurot, of the town, county, and state aforesaid, to have and to hold the same, with the income thereof, to her own use and enjoyment for the term of her natural life, and immediately at her death I give, devise, and bequeath all of my said property, or the proceeds thereof in case of the disposal of any part as hereinafter provided, viz.:

"Second. I give and bequeath to my beloved niece Mary A. Hovey, of the city of Chicago, state of Illinois, and to her daughter Adelade M. Storms, of the same place, to each the sum of five hundred dollars, to have and to hold the same for their own use and benefit forever.

"Third. I give, devise, and bequeath to my beloved niece Josephine Turner and to her daughter Harriet Duncan Turner, both of the town of Cornwall, county of Orange, and state of New York aforesaid, all the residue of my property, both real and personal, share and share alike, to have and to hold the same for themselves, their heirs and assigns, forever.

"Fourth. I hereby further provide and direct that, in case my executors hereinafter named should at any time deem it to be for the best interest of my estate to dispose of any part of the realty by sale, they are hereby empowered, with the concurrence of my sister Elizabeth Duncan, as cotenant, to sell the same at such price and on such terms as they shall agree upon, and in case of such sale the proceeds thereof shall be invested in good and safe securities.

"Likewise I make, constitute, and appoint my said sister Mary D. Faurot and my friend Henry W. Chadeayne to be executrix and executor of this my last will and testament, hereby revoking all former wills by me made.

"The date, signature, attestation clause, and witnesses following."

The Harriet Duncan Turner mentioned in the will is now known as Harriet Duncan Stebbens, and she will be referred to hereafter as such. The question for this court to determine is whether Josephine Turner and Harriet Duncan Stebbens are the owners, as tenants in common, of the real property which was owned by Caroline Duncan, deceased, and devised to them in the third clause of the said will, or whether the sole surviving executor, Mr. Chadeayne, still has the power to sell this real estate.

It will be observed, in the first clause of the will, after the determination of the life estate, that the following words are used:

"And immediately at her death I give, devise, and bequeath all of my said property, or the proceeds thereof in case of the disposal of any part as herein provided, viz.:

"Second. To Mary A. Hovey and Adelade M. Storms each five hundred dollars.

"Third. All the rest and residue of the property, real and personal, is given to Josephine Turner and Harriet Duncan Turner absolutely."

Then, in the fourth clause of the will, the executors are given the power of sale, if they (the executors) deem it at any time to be for the best interest of the estate to dispose of any part of the real estate by sale, with the concurrence of decedent's sister Elizabeth Duncan, cotenant, to sell the same at such price and on such terms as should be agreed upon, and in case of such sale the proceeds thereof should be invested "in good and safe securities." If this is read in connection with paragraph 1, it is plain that the testatrix intended that, if the executors desired to dispose of the real estate during the lifetime of Mary D. Faurot, such power was conferred upon the executors under the will, and they were directed, on exercising this discretion, to invest the proceeds in good and safe securities, and by the first clause of the will Mary D. Faurot would have had the income therefrom, and such conversion in personalty could not take place without the consent of Mary D. Faurot, who was an executrix under the will. The executor and executrix did not sell the real estate, and at the time of the death of the said Mary D. Faurot what does the testatrix by her will direct? It is this:

"And immediately at her [Mary D. Faurot's] death I give, devise, and bequeath all of my said property, or the proceeds thereof in case of the disposal of any part as hereinafter provided."

Then bequests are made to Mary Hovey and Adelade M. Storms of $500 each, and the residue and remainder to Josephine Turner and Harriet Duncan Stebbens. What does "immediately" mean, and what did this testatrix mean when she used this word? I think she meant that, if the property had been converted into securities, such were to be delivered by the executor to these persons, and, if not converted, the devisees immediately became vested with the real estate. As Mr. Justice Werner, in Leggett v. Stevens, 185 N. Y. 77, 77 N. E. 876, said:

"Courts may, it is true, transpose words and phrases, and read the provisions of a will 'in an order different from that in which they appear in the instrument, or insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose, never to devise a new scheme or make a new will.' Tilden v. Green, 130 N. Y. 29, 51, 52, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487; Trask v. Sturges, 170 N. Y. 482, 63 N. E. 534; Brown v. Quintard, 177 N. Y. 75, 84, 69 N. E. 225."

In Collister v. Fassitt, 163 N. Y. 286, 57 N. E. 491, Mr. Justice Bartlett said:

"It is a trite saying that no will has a brother, and it may also be said that the citation of numerous authorities, in most instances, are of little assistance to the court, as each will must be construed in the light of peculiar surrounding circumstances, the scheme disclosed, the language employed, and the intention of the testator, gathered from the general situation."

Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138:

"The question of its existence after all depends upon the intention of the testator, as expressed by the words he has used, according to their natural meaning, modified only by the context and situation and circumstances of the testator when he used them. On the other hand, the language employed may be imperative in fact, though not in form, conveying the intention of the testator in terms equivalent to a command, and leaving to the legatee no discretion to defeat his wishes, although there may be a discretion to accomplish them by a choice of methods, or even to define and limit the extent of the interest conferred upon his beneficiary."

It is well settled that, where there is a power and direction of sale in a will, it is the imperative duty of the executor to sell the real estate. The rule is that:

"Where executors are clothed with the power and it is made their imperative duty to sell a testator's real estate and distribute the proceeds in a manner provided by the will, the real estate will be deemed to be converted into personalty." Underwood et al. v. Curtis et al., 127 N. Y. 523, 28 N. E. 585.

As was said by Mr. Justice Parker in this case, at page 532 of 127 N. Y., and page 587 of 28 N. E.:

"It has long been the established rule that, where executors are clothed with the power and duty to sell a testator's real estate and distribute the proceeds in the manner provided by the will, the real estate will be deemed converted into personalty"—citing Everitt v. Everitt, 29 N. Y. 39; Power v. Cassidy, 79 N. Y. 602, 35 Am. Rep. 550.

Mr. Justice Haight, in McDonald v. O'Hara, 144 N. Y. 568, 39 N. E. 643, says:

"We are inclined to the view that there is no escape from the conclusion that the direction to sell embraced in the will is imperative, and that it operates to convert the realty into personalty." Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498.

As Mr. Justice Van Brunt said, in Fritz v. Fritz, 17 N. Y. Supp. 800, 63 Hun, 629:

"It is well established that, where a testator directs his executors to sell his real estate and distribute the proceeds among persons named in his will, such real estate is deemed to be converted into personalty, and partition cannot be had"—citing Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585; Robert v. Corning, 89 N. Y. 225–229; Morse v. Morse, 85 N. Y. 53–59; Power v. Cassidy, 79 N. Y. 602, 35 Am. Rep. 550; Everitt v. Everitt, 29 N. Y. 39.

The executors mentioned in the will were clothed with the power of sale, and if such power had been exercised there could be no complaint. The executors under the will could have sold the real estate and invested the proceeds in securities, and at the death of Mary D. Faurot they could have delivered the same to the persons entitled to the remainder, and no fault could have been found; but, having failed to exercise this discretion, I think immediately upon the death of Mary D. Faurot the title vested in Josephine Turner and Harriet Duncan Stebbens. The will did not direct the executors to sell, and therefore it was not imperative. In this case there was sufficient personal property to pay the debts and legacies. "The power of sale given to the executors did not prevent the bringing of an action for partition of such real estate by one of the heirs at law having an interest therein." Duffy v. Duffy, 50 Hun, 266, 3 N. Y. Supp. 23. "An action for

partition may be maintained, even though there be a naked power of sale." Purdy v. Wright, 44 Hun, 239. As was said by Mr. Justice Adams, in Wood v. Hubbard, 29 App. Div. 168, 51 N. Y. Supp. 527:

"The will in question does undoubtedly contain a power of sale, and one which is quite likely to be called into operation; for the executors thereof are authorized and empowered to pay all debts and funeral expenses of the testator, in addition to several legacies of considerable amount, and it appears by the uncontradicted evidence of the plaintiff's own witness that the funds in the hands of the executors will be insufficient for that purpose. It is apparent, therefore, that the power of sale which the will contains is something more than a mere naked, discretionary power. It is rather one which, from the necessities of the case, the executors may possibly be called upon to exercise, and it is likewise one which they may be compelled to exercise at the instance of a creditor. Matter of Gantert, 136 N. Y. 106, 32 N. E. 551. Nevertheless, as the power of sale is not absolutely imperative, we think that, until the executors shall have actually exercised the same, the residuum of the testator's estate must be treated as realty, and not personalty, and that the power of sale presents no sufficient reason why the plaintiff should be denied her legal right to seek and obtain partition of lands in which she has an estate of inheritance as a tenant in common. Mellen v. Banning, 72 Hun, 176, 25 N. Y. Supp. 542; Palmer v. Marshall, 81 Hun, 15, 30 N. Y. Supp. 567."

In Taber v. Willets, 1 App. Div. 287, 37 N. Y. Supp. 234, Mr. Justice Hatch said:

"It is not an unusual feature in testamentary disposition to devise a fee, and subsequently vest a power of sale in the executors of the instrument. Such power of sale is not necessarily repugnant to the devise in fee, and the courts have found little difficulty in sustaining it, holding that the estate vests in the devises subject to the execution of the power. Crittenden v. Fairchild, 41 N. Y. 289; Kinnier v. Rogers, 42 N. Y. 531; Drake v. Paige, 127 N. Y. 569, 28 N. E. 407."

Affirmed in Taber v. Willets, 153 N. Y. 663, 48 N. E. 1107. See Smith v. A. D. Farmer Type Founding Co., 18 Misc. Rep. 436, 41 N. Y. Supp. 788.

In the case of Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925, Mr. Justice Andrews said:

"There is no repugnancy between a devise in fee and a subsequent power of sale given to the executor for the benefit of the devisees. This is a common incident of testamentary dispositions."

"Where it is evident from the face of a will that the testator intended not to require his executors to sell the real estate forming a part of a trust therein created, but to permit them to sell it, and to divide the proceeds, or to divide the real estate among the devisees, there is no conversion of the realty into personalty." Palmer v. Marshall, 81 Hun, 15, 30 N. Y. Supp. 567:

This case was cited by Mr. Justice Gaynor in the case of Miller v. Miller, 22 Misc. Rep. 585, 49 N. Y. Supp. 407.

The plaintiff can maintain this action. Let judgment be entered accordingly.