ELIZA E. DE WITT, Respondent, *v.* CORNELIUS VAN SCHOYK et al., Appellants.

An equity court will interfere by injunction to restrain a defendant from proceeding in an illegal act upon plaintiff's land, which, if completed, will necessarily cast a cloud upon his title and naturally diminish its value.

R. and B. being the owners of a certain farm, divided it between them, R. conveying to B. his interest in that portion described as lying " east of a public highway " described, and B. conveying to R. his interest in that portion lying west of said highway. Defendant, who had succeeded to the title of B., without right closed up the highway and began the construction of a new road upon plaintiff's land, he having succeeded to the title of R. *Held,* that plaintiff was entitled to the interposition of the court to restrain such unlawful action.

(Submitted April 30, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 13, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 35 Hun, 103.)

This action was brought to restrain defendant from obstruct-

ing an alleged highway, and to compel him to remove obstructions placed by him thereon, and to restore the same to the use of plaintiff and the public as it was before the alleged unlawful act of the defendants, and to restrain them from entering upon and using plaintiff's lands as a public highway.

*Arthur More* for appellants.   Roads although not laid out, if used as public highways for twenty years, are deemed public highways.  (2 R. S. [7th ed.] 1249, § 100.)   User for a shorter term than twenty years will not give the public the right to keep a road open or to remove obstructions from it. (*Trustees of the Village of Jordan* v. *Otis*, 37 Barb. 50.) This action cannot be maintained as an action to remove the fence in question as a public nuisance, or on the ground that the plaintiff has a private right of way or easement in the road obstructed.  (*Van Brundt* v. *Ahearn*, 13 Hun, 389.) To support an action of this nature and to authorize an injunction, the plaintiff must have sustained special damages peculiar to himself.   (High on Injunc. §§ 762, 816, 817; *Lansing* v. *Smith*, 8 Cow. 609 ; *Dougherty* v. *Bunting*, 1 Sandf. 1.)   The court erred in finding special damages not alleged in the complaint.  (*Wetmore* v. *Story*, 22 Barb. 496.) The actual location of a division line by adjoining proprietors, on the faith of which valuable improvements have been made, concludes them and their successors in interest.  (*Sherman* v. *Kane*, 86 N. Y. 73 ; *Laverty* v. *Moore*, 32 Barb. 347 ; affd., 33 N. Y. 658 ; 7 Alb. L. J. 41 ; 44 Barb. 218 ; *Adams* v. *Rockwell*, 16 Wend. 285 ; *Miner* v. *Mayor, etc.*, 37 Sup. Ct. R. 285 ; *Corkhill* v. *Landers*, 44 Barb. 218 ; *Baldwin* v. *Brown*, 16 N. Y. 364; *St. Vincent Asylum* v. *City of Troy*, 12 Hun, 317.)   The commissioner of highways might raise a question, though the road was straightened and improved, but he did not and the plaintiff should be estopped from doing it. (*Corkhill* v. *Landers*, 44 Barb. 218 ; *Adams* v. *Rockwell*, 16 Wend. 285 ; *Terry* v. *Chandler*, 16 N. Y. 356.)   As between themselves, Borrill, Freeman and Rickard actually located the line by monuments and agreed that the road should be

straightened and run there. (Herman on Estoppel, §§ 509, 510; 9 Wend. 65; *Peake* v. *Thomas*, 39 Mich. 584; *Woodruff* v. *Morrestown*, 34 N. J. Eq. 134; 28 Eng. N. 838; 30 id. 38.) Known and visible monuments, rather than admeasurements, are to govern, yet parol evidence is admissible to identify and ascertain the locality of such monuments, it is competent to show the practical construction given by the parties to the language used. (3 Wash. on Real Prop. 363.) It is not competent for the court to determine the legal rights of the parties to real estate in dispute between them, but not within the issues or demand of judgment in the complaint. (*Corning* v. *Corning*, 6 N. Y. 96; *Pharis* v. *Gere*, 18 W. Dig. 430; *Bockes* v. *Lansing*, 74 N. Y. 437; Pomeroy on Remedies, etc., § 84.)

*E. H. Hanford* for respondent. The fact that at the time of the execution of the partition deeds the highway in question was open, plain, distinct, visible, the only worked and traveled road leading through said premises from Merrill's to Scutt's, and was the highway mentioned and described in said deeds, and was so found by the court, constituted the highway as then opened, used and worked, the boundary line between the two farms. (*Rich* v. *Rich*, 16 Wend. 663; *Van Wyck* v. *Wright*, 18 id. 157; *Drew* v. *Swift*, 46 N. Y. 204; *Buffalo, N. Y. & E. R. R. Co.* v. *Stigeler*, 61 id. 348; *Lawrence* v. *Palmer*, 71 id. 607; *Clark* v. *Wethey*, 19 Wend. 320.) The description of the road in the partition deeds, as " the highway leading through said premises from Merrill's to Scutt's, being the recital of a then existing fact, the grantees in the deeds, and all persons holding under them, are estopped from denying the existence of the highway, and from claiming the boundary line otherwise than as stated in said deeds. (*Sinclair* v. *Jackson*, 8 Cow. 586; *Torrey* v. *Bank of Orleans*, 9 Paige, 649; *Jackson* v. *Hasbrouk*, 3 Johns. 331; *O'Linda* v. *Lathrop*, 21 Pick. 292; *Parker* v. *Smith*, 17 Mass. 413.) The parol agreement between Borill and Rickard (grantors of the

respective parties) was void under the statute of frauds. ·(*Vosburg* v. *Tretor*, 32 N. Y. 561; *Ambler* v. *Cox*, 13 Hun, 295; *Williams* v. *Montgomery*, 16 id. 50; *Sherman* v. *Kane*, 86 N.Y. 73; *Wheeler* v. *Reynolds*, 66 id. 227; Pom. on Cont. 399, 400.) In case the defendants are correct in their contention that the eleventh finding of fact is erroneous, and that the parol agreement was made prior to the partition deeds, all parol negotiations were merged in the deeds, and had it been intended to have changed the location of the highway thereby, they should have indicated it in the deeds. (*Glover* v. *Shield*, 32 Barb. 374.) Equity would and should interfere in this case, and compel the defendants to restore this highway and boundary line as it was prior to the acts complained of, as the injury is continuing and a multiplicity of suits at law are involved in the legal remedy. (*Wheelock* v. *Noonan*, 108 N. Y. 179; 13 id. 110.) Injunction was a proper remedy. (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 142.) The complaint stated facts sufficient to authorize plaintiff to maintain a suit of equity for relief. (*Town of Springport* v. *Bank*, 75 N. Y. 379.) The prayer for other and further relief was sufficient to justify the court in awarding plaintiff the special damages it should find she had sustained by the acts complained of. (*Van Brunt* v. *Ahern*, 13 Hun, 389; *Knox* v. *Mayor*, etc., 55 Barb. 404; *Hutchins* v. *Smith*, 63 id. 251; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 111; *Corning* v. *Troy Iron & Nail Factory*, 40 id. 191.) The defendants cannot be heard to allege that we had an adequate remedy at law, as no such defense is alleged in the answer. (*Town of Mentz* v. *Cook*, 108 N. Y. 504; *Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Plate*, 4 id. 77; *Truscott* v. *King*, 6 N. Y. 147; *Cox* v. *James*, 45 id. 557.) Special damages were properly allowed. (*Wright* v. *Sanders*, 65 Barb. 214; *Goldsmith* v. *Jones*, 43 How. 435; *Knox* v. *Mayor*, etc., 38 id. 67; · *Pierce* v. *Dart*, 7 Cow. 609.)

Danforth, J. It is a sufficient statement of the case to say that the premises now owned by the parties were origin-

ally the property of Freeman, who held the same as one farm. He conveyed to Rickard and Borrill, and on the 10th of January, 1874, they were divided between Borrill and Rickard, Borrill taking the part lying " east of a public highway running north and south, leading from Scutt's to Merrill's," and Rickard taking west of the highway, and their lands were described as so bounded. The plaintiff succeeded to the title of Rickard, and the defendant to that of Borrill. In 1882 the defendant, without right, closed up this highway and began the construction of a new road upon the plaintiff's land. If continued, its effect will be to change or confuse the identity of the boundary between the two farms, render its location doubtful, subject the plaintiff to additional travel on her own land to reach the highway, and open over that land a road through which the public will be led to travel. These acts were found not only to constitute a public nuisance, but to cause special damage to the plaintiff. The trial court, therefore, sustained the complaint and awarded equitable relief as that to which the plaintiff was entitled.

In some reasonable view the evidence sustains the findings of the trial judge, and, upon the facts found, we entertain no doubt that the conclusion of law on which judgment was given properly follows. It might be that the damage sustained or apprehended could be satisfied by a pecuniary award, but the plaintiff is entitled to have the land as she acquired it, nor should she be driven to repeated actions to maintain her right. Moreover, the acts of the defendant are in derogation of the plaintiff's title, and, being calculated to injure her in that respect, would sustain an injunction, although no damage had actually happened. To remove a cloud upon title is a well recognized head of equity jurisdiction, and the court will, in like manner, interfere to restrain a defendant from proceeding in an illegal act, which, if completed, will necessarily cast a cloud upon that title and naturally diminish its value. (*Oakley* v. *Trustees, etc.*, 6 Paige, 262.)

The opinion of the General Term discusses, with much fullness, the points presented by the defendant and subsequently

repeated upon this appeal. With the conclusion reached by the Special Term and with the approval of that conclusion by the General Term, we concur.

The judgment appealed from should, therefore, be affirmed. All concur.

Judgment affirmed.