MARGARET DEXTER, Respondent, *v.* RANDOLPH BEARD, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, July* 20, 1889.

*Injunction. Right of way.*—Where a right of way is conveyed by a deed, to be used by the parties in common, and not to be incumbered or built upon by either party, a building extending upon said right of way is a breach of said covenant, and the granting of an injunction to enforce the covenant not to build is a proper exercise of the discretion of the court.

Appeal from a judgment entered upon a decision of special term granting plaintiff an injunction.

The action was brought to restrain the defendant from encroaching upon, incumbering or building upon a certain right of way appurtenant to the plaintiff's premises in the village of Cortland; and the decision at special term orders an abatement or removal of the encroachment or obstruction placed in the lane. The principal question in the case turns upon the construction of the clause found in the deed bearing date the 5th day of May, 1846, executed by Parker Crosby and wife to William O. Barnard. In that deed a certain village lot was conveyed, and following the description of the premises thus conveyed, is the following language, viz.: " Also a right of way the whole length of the south line of the above described lot, between the said south line and a line drawn parallel with the north side of the store now occupied by James Van Valen, on the grantor's village lot, this day mortgaged to said grantee, to be used by the grantee in common with the grantor, said lane not to be incumbered or built upon by either party, together with all and singular the rights, members, privileges, hereditaments and appurtenances whatsoever unto the said above mentioned

and described premises, in anywise appertaining or belonging."

It was found at the special term that " the plaintiff and her grantors were owners of the right of way mentioned and described in the complaint. * * *

" *Second.* That said right of way is of the width of sixteen feet, and extends in length from Main street, or easterly, to a distance of more than ninety feet, the same being defined in the deeds.

" *Third.* That this action was commenced on the 13th day of October, 1884, at which time the defendant had commenced to build, and has since built, on his premises, bounding said right of way on the south, a brick building of the height of four stories, and extending from Main street, in Cortland village, east a distance of ninety feet, and said structure or building extends into said lane and right of way four and four-tenths feet in width from north to south, and ninety feet in length from west to east, and obstructs said right of way over said whole distance to the extent of four and four-tenths feet in width and ninety feet in length, and is an unlawful structure and obstruction to plaintiff's said right of way, and to that extent is a breach of the covenant contained in the deeds, to the effect that said right of way is ' to be used by the parties in common, and said lane not to be incumbered or built upon by either party' mentioned in the complaint, and both parties derived their titles under or according to the deeds or conveyances specified in the complaint in this action."

*Duell & Benedict*, for appellant.

*Eggleston & Smith*, for respondent.

HARDIN, P. J.—After an examination of the case presented to us by the appeal papers, we have come to the conclusion that the decision made at special term should be

sustained. We are satisfied with the opinion delivered by the trial judge at the special term, and, therefore, we follow it in disposing of the case before us. In addition to the questions discussed in that opinion, it is now insisted, in behalf of the appellant, that the covenant not to build upon the lane should not be enforced in equity " where the plaintiff can have full indemnity in damages." Whether she could obtain full damages by an action or actions at law was not made clear at the trial. How could the depreciation of the plaintiff's property, and the effect thereto of the encroachments and obstructions in the future, be determined and recovered for in an action at law. Uline *v.* N. Y. C. and H. R. R. R. Co., 101 N. Y. 98.

Whether an injunction should issue or not in the case like this is a question calling for the discretion of an equity court. The discretion is not an arbitrary one, but is such a judicial discretion as follows well-regulated equity principles and precedents. We think the discretion was exercised in the right direction by the special term, and in accordance with the principles and precedents adopted and approved by the court of last resort. Wheelock *v.* Noonan, 108 N. Y. 179; 13 N. Y. State Rep. 110, and cases referred to in the opinion of FINCH, J.; Story *v.* New York Elevated Railroad Company, 90 N. Y. 122; Davis *v.* Lamberson, 56 Barb. 480; DeWitt *v.* Van Schoyk, 35 Hun, 103, and cases referred to in the opinion of HARDIN, P. J.; s. c., affirmed, 110 N. Y. 7; 16 N. Y. State Rep. 726, and the opinion delivered in this court approved.

It is quite apparent that the object of the covenant, in respect to the open space was to secure the space from incumbrances and buildings, and therefore " the injunction of a court of equity, to enforce the covenant, was proper." Phœnix Ins. Co. *v.* Continental Ins. Co., 87 N. Y. 401.

The change in the neighborhood and circumstances surrounding the subject of the covenant in the case reported as Trustees of Columbia College *v.* Thacher (87 N. Y. 311)

were exceptional, and the court, in its decision, did not intend to disturb the rule stated in the cases to which we have alluded.

These views lead us to sustain the decision made at special term.

Judgment affirmed, with costs.

MARTIN J., concurs ; MERWIN, J., not sitting.

