SARAH E. MELLEN, RESPONDENT, *v.* WILLIAM C. BANNING, SOLE SURVIVING EXECUTOR OF THE LAST WILL AND TESTAMENT OF ABNER MELLEN, DECEASED, RESPONDENT, AND OTHERS, APPELLANTS.

*Will — an action for its construction is proper only where a trust exists — cloud upon a title — equity will not relieve therefrom, if the defect appears upon the face of the record.*

The jurisdiction of courts of equity to pass upon the interpretation of wills is incidental to that over trusts, and where there is no question relating to a trust in a will the case is not a proper one for the bringing of an action for its construction.

The complaint in an action brought, among other things, to restrain executors from executing a power of sale contained in a will, alleged, as a ground therefor, that said power was inoperative. null and void, and never had any validity. To this complaint a demurrer was interposed, alleging that it did not state facts constituting a cause of action.

*Held*, that a court of equity would not give relief in such a case.

It is only where the claim of the adverse party to the lands in question is valid upon the face of the instrument or proceeding sought to be set aside, and extrinsic facts must be proved to establish such invalidity or illegality, that equity will intervene.

(LAWRENCE, J., dissenting.)

APPEAL by the defendants, Gordon McKay Mellen, Stanley Mellen and Evelyn Mellen, by Jane H. Pierce, their guardian *ad litem*, from an order entered in the clerk's office of the county of New York on the 30th day of January, 1891, overruling a demurrer interposed herein by said defendants; and also an appeal by said defendants, by their said guardian *ad litem*, from an interlocutory judgment entered in said clerk's office on the 9th day of February, 1891, overruling said demurrer, with leave to defendants to answer within five days upon payment of costs.

*A. T. Ackert*, for the guardian *ad litem* of the infant defendants demurring.

*H. Daily, Jr.*, for the respondent.

VAN BRUNT, P. J.:

This action, according to the complaint, is brought to obtain a construction of the will of one Abner Mellen, deceased, and also to restrain his executors from executing a power of sale contained in that will upon the ground that such power was inoperative, null and void, and never had any validity. To this complaint the infant defendants demurred upon the ground that it does not state facts sufficient to constitute a cause of action.

While concurring with the conclusion arrived at by Mr. Justice LAWRENCE in his opinion thereon, although the point is not distinctly taken by the counsel for the infant defendants, I do not think that the court ought to entertain jurisdiction of this action for the reason that it cannot be maintained as an action for the construction of the will, because the jurisdiction of courts of equity to pass upon the interpretation of a will is incidental to that over trusts, and there is no question of trust in the will mentioned. This rule was distinctly enunciated in the case of *Monarque* v. *Monarque* (80 N. Y., 320), in which, in speaking of a certain action which had been brought to construe a will, it was held that the case was not a proper one for the action for the construction of a will, because there was no trust or other element to justify invoking the jurisdiction of the court for that purpose. Therefore, it is clear that this action cannot be maintained as an action to construe a will.

But it is urged that the action may be maintained for the purpose

of removing a cloud upon the title, and in support of that proposition the counsel for the respondents cite the case of *Butler* v. *Johnson* (111 N. Y., 204) and *De Witt* v. *Van Schoyk* (110 id., 7).

An examination of these cases will show that they do not support the claim in this action. It is a well-settled principle regulating the invocation of the jurisdiction of a court of equity to remove a cloud upon a title that, if the defect appears upon the face of the record or proceedings which are claimed to be invalid, the court will not entertain an action to declare such invalidity, and it is only where the claim of the adverse party to the land is valid upon the face of the instrument or proceeding sought to be set aside, and extrinsic facts are necessary to be proved in order to establish the invalidity or illegality, that a court of equity will intervene.

Now, in the case at bar, it is claimed that the power of sale contained in the will is null and void upon its face. If that is the fact, then there is no room for the intervention of a court of equity, because it does not depend upon extrinsic evidence. That is the allegation and the judgment that is asked for.

The two cases above cited in no way conflict with this rule. In *Butler* v. *Johnson* the fact that the debts were outlawed, for the payment of which the executor was about to exercise the power of sale, was a fact extrinsic of the instrument creating the power, and, therefore, the case was brought within the rule above mentioned.

In the case of *De Witt* v. *Van Schoyk* the intervention of a court of equity was sustained because, unless the action of the defendant was restrained, its effect would be to change or confuse the boundary of two farms and render their location doubtful, and open over the land of the plaintiff a right of way through which the public would be allowed to travel, facts showing that the action against which an injunction was sought would confuse the plaintiff's rights, which confusion would not necessarily appear of record.

It seems to me, therefore, that the court should not entertain jurisdiction of this action, and that the complaint does not state a cause of action within the rules limiting the invocation of the jurisdiction of a court of equity.

The judgment should be reversed and the demurrer sustained.

Daniels, J., concurred.

Lawrence, J. (dissenting):

The action is brought for a judicial construction of the last will and testament of Abner Mellen, Sr., deceased, and to obtain an adjudication that, under the devise contained in the fifth clause of said will, the widow of the testator and his three children, Abner Mellen, Jr., Helen J. Banning and Maria L. Kendall, should acquire and become seized and possessed in fee simple absolute of an one-fourth part or share in the lands and premises mentioned in the complaint, and that the power of sale contained in the eighth clause of said will given to the executors of the testator is inopera-- tive, null and void, and that it never had any validity.

The infant defendants, who are the children of Abner Mellen, Jr., a son of the testator, who has died since the death of his father, demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action.

It is alleged in the complaint that the widow of the plaintiff and his three children entered into the use, occupation and possession of said lands and premises, and continued in such possession until the death of the mother, which occurred on the 28th day of September, 1888, and that during all that time said parties exercised control, dominion and ownership over their respective parts or shares in said lands and premises and collected and received for and applied to their own use and benefit the rents, etc., of said real estate. It is also alleged that on the 5th day of November, 1888, Abner Mellen Jr., being indebted to his wife, executed and delivered to one Lawrence E. Ellis, a full covenant warranty deed of his share; in said lands and premises, and that on or about said date said Ellis executed and delivered to plaintiff, the wife of Abner Mellen, Jr., a full covenant warranty deed of the premises conveyed to him.

There are various allegations in the complaint designed to show that the power of sale conferred upon the executors by the eighth clause of the will has become inoperative by reason of the failure of the executors to exercise the same, and also by reason of the devisées having agreed and elected among themselves to take the real estate and use and occupy the same. These allegations being made as matters of fact are, of course, admitted by the demurrer. We have no doubt that under the fifth clause of the will of Abner Mellen, Sr., the widow and the three children took an estate in fee

in the real estate, subject to the execution of the power of sale given to the executors. (*Crittenden* v. *Fairchild*, 41 N. Y., 289 ; *Kinnier* v. *Rogers*, 42 id., 531 ; *Hetzel* v. *Barber*, 69 id., 7 ; *Mutual Life Ins. Co.* v. *Shipman*, 108 id., 22, 24.) It has, however, frequently been held that where a will directs real estate to be converted into money and the proceeds distributed, the parties entitled thereto may, if of lawful age, if the rights of others will not be affected, elect to take the lands and prevent the actual conversion thereof into personalty, and that no distinct or positive act is required, but that a slight expression of intent will be considered sufficient to show such an election. (*Prentice* v. *Janssen*, 79 N. Y., 478.) As was stated by Mr. Justice O'Brien in disposing of the demurrer interposed to this complaint by William C. Banning, the sole surviving executor of the last will and testament of Abner Mellen, Sr., deceased, the complaint here was undoubtedly modeled on the case of *Prentice* v. *Janssen*, for we find the very language there used here employed. Thus it is alleged that the lands have been enjoyed, possessed and treated the same as real estate and that this was done by the acquiescence of the executors and all the parties in interest. With these allegations stated as matters of fact in the complaint it is impossible for us to say, keeping in view the decision in *Prentice* v. *Janssen* (*supra*), and in similar cases, that the complaint does not state facts sufficient to constitute a cause of action, and we are, therefore, of the opinion that the judgment of the court below was right and should be affirmed, with costs and disbursements to the respondents.

Judgment reversed and the demurrer sustained.