BERNHARD BLUMENTHAL, Appellant, *v.* CLARENCE H. KELSEY, as Administrator, etc., of MARY G. PINKNEY, Deceased, Respondent.

First Department, January 19, 1917.

Landlord and tenant — lease of advertising privileges by landlord during occupancy of tenant — when tenant not entitled to proceeds of advertising — right of tenant to let advertising privileges on his own behalf.

A tenant from month to month cannot compel his landlord to pay over to him moneys received from persons whom the landlord allowed to place advertising signs on fences surrounding the premises, in the absence of any protest on the part of the tenant, or any agreement on the part of the landlord to pay over said advertising moneys.

*It seems,* that during his tenancy the tenant had the right, in the absence of a restrictive covenant, to grant advertising privileges and to collect the money therefor, and might also object to the landlord using the premises for advertising purposes, and could have repudiated contracts made without his consent and have made like contracts for himself.

APPEAL by the plaintiff, Bernhard Blumenthal, from a determination and order of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 26th day of May, 1916, affirming a judgment of the City Court of the City of New York dismissing the complaint.

*George S. Brengle,* for the appellant.

*William E. Collins,* for the respondent.

SMITH, J.:

Prior to April 28, 1911, the plaintiff occupied as a tenant certain premises belonging to the estate represented by the defendant. Upon that day plaintiff executed and delivered to his landlord a paper reciting that in consideration of $100 and other good and valuable consideration he surrendered any lease or tenancy that he had in the said premises which were therein described, " as the same are now occupied by me, and that I have hired and taken the said premises from said Curtis B. Pierce as executor and trustee as aforesaid, for the term of one month from May 1, 1911, as a monthly tenant only, at the monthly rental of $2.50." He continued to occupy said premises from that time until the 1st day of January, 1914, during which time he paid the monthly rent. During said period the landlord permitted divers parties to place advertising signs upon the fences surrounding the property, from which he received the sum of $706.66. Plaintiff brings this action against the defendant landlord to compel him to pay over the said moneys.

It is not claimed that there was any protest on the part of the plaintiff against the placing of these advertising signs upon the fences of said property or that there was any agreement on the part of the landlord to pay over to the plaintiff any part of the moneys received from said advertising. In the absence of such an agreement, I am wholly at a loss to understand upon what basis this action can be maintained. It is probably true that as long as the plaintiff had the lease of said premises he had the right in the absence of restrictive covenants to grant advertising privileges and to collect the money therefor. The tenant further had the right to object to the landlord's using the premises for such purposes. If these contracts were made without the consent of the tenant he might have repudiated them and made like contracts himself. But he took no such step. By his silence he acquiesced for nearly three years in this use of the property by the landlord without any agreement with the landlord for any share of the profits. Having thus consented to the landlord's use of the fences for that purpose, I am unable to find any implied covenant on the part of the landlord to pay to the plaintiff the moneys received therefor.

The judgment of the City Court dismissing the complaint and the judgment of affirmance were, therefore, right, and the determination appealed from must be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Determination affirmed, with costs.