OPINION OF THE COURT
C/Raymond Radican, J.
This is an application by a residuary beneficiary of the estate of William Fello for an order setting aside a contract of sale of real property entered into by the fiduciary of the estate.
The decedent died on October 31, 1980 survived by his wife and two children, Anthony Fello and the petitioner, Dorothy Fello. His will, admitted to probate on December 22, 1980, provides for the division of the residuary estate into two equal shares, one for each child. The will provides that the executor and substitute executors shall have all the powers granted by the laws of the State of New York at the time of the testator’s death. The real property located at 2-03 Borden Avenue, Long Island City, New York, is not specifically devised.
Letters testamentary issued to Carmine Fello on December 22, 1980 and on March 6, 1981 he entered into a contract to sell the Long Island City property with the current tenant of the premises for a price of $215,000. Following the executor’s death on March 25, 1981, letters *745 testamentary issued to Mary Fello, the successor executrix.
The petitioner, Dorothy Fello, alleges that she informed Carmine Fello prior to the execution of the contract of sale that she and her brother did not want the Long Island City property sold; she also maintains that there are sufficient funds to pay debts and expenses and a sale is therefore unnecessary.
Attached to the petitioner’s pleadings is a copy of a letter dated February 26, 1981 from the petitioner to Mr. Kay, one of the attorneys for the estate, advising him that both she and her brother opposed the sale. In her answer, the executrix admits that this letter was forwarded to Mr. Kay.
The executrix also admits that a contract of sale was entered into with the present tenant, but claims that the proposed sale is necessary to pay estate expenses, and that the $215,000 contract price is in excess of the property’s market value.
The prospective purchaser of the property has filed an affidavit stating that the contract price is fair and reasonable and the contract should therefore not be set aside.
A hearing on this matter was held on May 29,1981. The executrix’ objection to the petitioner’s testimony that she informed Carmine Fello, the deceased executor, that she was opposed to the sale is sustained. The dead man’s statute forbids the examination of a party in his own interest as to personal transactions between the witness and a deceased person against a person who derives his title or interest from, through, or under a deceased person (CPLR 4519). A successor fiduciary is one who derives his title and interest from his predecessor (Blumenthal v Kelsey, 95 Misc 136, affd 176 App Div 369). Where the witness is one who is interested in the event, he may not testify as to personal transactions with a deceased executor, whether or not there is a personal claim pending against the estate of the deceased executor (Brundige v Bradley, 294 NY 345; Matter of Cohen, 137 NYS2d 300, affd sub nom. Edelman v Frindel, 285 App Div 1119, affd 309 NY 935; Greenfield, Testimony under § 347, Civil Practice Act, § 125). Admissibility of the testimony does not turn on whether the *746 deceased executor’s estate gains or loses by the outcome of the case. However, the testimony of the attorney for the estate that he was informed by letter and in a telephone conversation with the petitioner that the beneficiaries did not want the property sold, was received without objection.
On the question whether a sale of the real property is necessary in order to generate cash, there was conflicting testimony. A certified public accountant testified that there was a cash surplus in the estate amounting to $131,000. However, the attorney for the estate testified that there would be a cash deficit through 1982 of at least $222,000. Nevertheless, petitioner represented to the court that in the event it was determined that additional cash was required to pay estate obligations, she would meet the price offered by the current tenant and would agree to a contract of sale under the same terms and conditions set forth in the contract which is the subject of this proceeding.
The executrix claims she has statutory power to sell the realty and override objections by the beneficiaries. EPTL 11-1.1 confers upon an executor the power to sell real property which is not specifically devised when a sale is in the best interests of the estate and there is no contrary provision in the will (EPTL 11-1.1, subd [b], par [5], cl [B]). It is well settled, however, that persons absolutely entitled to the proceeds of the sale of land may extinguish the power of sale by electing to take the property in kind (Trask v Sturges, 170 NY 482; Hetzel v Barber, 69 NY 1).
While in some jurisdictions title to real property initially vests in the fiduciary to be later conveyed by him to distributees and legatees, the law in this State is that real property title vests in the distributees on the date of death and in devisees once the will is probated, subject to the power of sale possessed by the fiduciary (Trask v Sturges, supra). The power of sale is merely a power in trust to be exercised for the purpose of distribution subject to defeat by the beneficiaries by an election to take in kind (Prentice v Janssen, 79 NY 478).
The power of sale may be extinguished by all persons entitled to take the property (McDonald v O’Hara, 144 NY 566; Mellen v Mellen, 139 NY 210; Taber v Willets, 1 App *747 Div 285) by a slight expression of intention to elect (Prentice v Janssen, 79 NY 478, supra; Mellen v Banning, 60 Hun 151).
In the present case the attorney for the estate testified that the beneficiaries’ opposition to the sale was communicated to him by telephone and letter prior to the date of execution of the contract. This would be sufficient to extinguish the power of sale. In addition the petitioner testified she informed the prospective purchaser of her opposition to the sale, which testimony was not controverted. The executrix’ reliance on Matter of Maratto (138 NYS2d 791) is misplaced. In the Maratto case, 4 of 12 residuary beneficiaries actually rescinded their written election to take in kind and the court found that at the time of the execution of the contract there was no indication of an intention to elect by all of the beneficiaries.
Of course, where there are insufficient funds to pay debts and administration expenses the fiduciary may sell the property despite an election by the beneficiaries to take in kind (Mellen v Banning, 60 Hun 151, supra). However, under the circumstances of this case, the beneficiaries having expressed a desire to retain the property, the fiduciary should at the very least have afforded them an opportunity to offer its cash equivalent (Matter of Schmitt, 179 Misc 83). A fiduciary should act in the best interests of the estate and not in the best interests of an anxious purchaser of estate assets (Matter of Central Union Trust Co., 197 App Div 667; Matter of Gazarian, NYLJ, Aug. 7, 1974, p 12, col 3).
Initially the petitioner raised a question of adequacy of price but later represented to the court that she was willing to take the property in kind at the contract price. This would have raised a problem with her brother, the then one-half residuary beneficiary, since the petitioner herself conceded the price was inadequate. While the executor was made aware of Anthony Fello’s opposition to the sale, the son did not initially join with his sister as petitioner. However, he has now done so and the question of adequacy of price is moot.
Accordingly, the motion to set aside the contract of sale is granted and the executrix is directed to transfer to the *748 residuary beneficiaries title to 2-03 Borden Avenue, Long Island City, New York, upon payment of $215,000 by the beneficiaries within 90 days of the order following this decision, said funds to be held in an escrow account in a savings institution, in the name of Mary Fello, as executrix of the estate of William Fello, subject to further order of this court to insure their availability for estate obligations.