■ In the Matter of PASQUALE COLANGELI et al., Petitioners, v BOARD OF ESTIMATE OF CITY OF NEW YORK et al., Respondents. — Determination of the respondent Board of Estimate of the City of New York, dated May 29, 1980, confirmed and proceeding dismissed on the merits, without costs or disbursements. No opinion. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

■ In the Matter of the Estate of WILLIAM J. FELLO, Deceased. DOROTHY FELLO, Respondent; ANTHONY MAZZARELLA et al., Appellants. — In a proceeding by a residuary beneficiary to set aside a contract for the sale of real property entered into by the decedent's executor, the purchaser and the successor executrix separately appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 21, 1981, which, after a hearing, *inter alia,* granted the application and set aside the contract of sale. Order reversed, on the law, with one bill of costs payable personally by petitioner, application denied and petition dismissed. Petitioner Dorothy Fello and her brother Anthony Fello were named as residuary beneficiaries under the last will and testament of their father, William J. Fello. In this proceeding, petitioner seeks to set aside a contract for the sale of real property, entered into between Carmine Fello, as executor, and Anthony Mazzarella, as purchaser. The property in question is a part of the decedent's estate which was not specifically devised under the will. The decedent's will provided, in part, that the executor was to have "all the express and implied powers granted by the laws of the State of New York". Accordingly, the executor was vested with the power to sell any of decedent's real property which had not been specifically devised (see EPTL 11-1.1, subd [b], par [5], cl [B]). Petitioner claims, however, that prior to the execution of the contract of sale, she and her brother, as residuary beneficiaries entitled to the proceeds of the sale, elected to take the property in kind, thereby extinguishing the executor's power of sale (see *Trask v Sturges,* 170 NY 482; *Mellen v Mellen,* 139 NY 210; *Prentice v Janssen,* 79 NY 478; *Hetzel v Barber,* 69 NY 1). In order for such an election to bar a sale by an executor, it must be unequivocally exercised by all of the interested beneficiaries (*Trask v Sturges, supra; Mellen v Mellen, supra; Matter of Maratto,* 138 NYS2d 791). While it is clear that petitioner unequivocally expressed her desire to take the property in kind prior to execution of the contract, there was no communication from Anthony Fello, the other residuary beneficiary, until after the commencement of this proceeding. Although in the letter which expressed petitioner's desire to take the property in kind, petitioner's attorney stated that he was "advised that Anthony Fello, the other residuary legatee, is equally opposed to the sale", such a statement cannot be construed as an "unequivocal" expression of Anthony Fello's intent. Absent a timely election to take the property in kind by both residuary beneficiaries, the executor had a valid power of sale (see *Matter of Maratto, supra*). Accordingly, the application to set aside the contract should be denied. Titone, J. P., Mangano, Bracken and Boyers, JJ., concur. [109 Misc 2d 744.]

■ In the Matter of the Estate of ANNA E. HOFFMAN, Deceased. PAUL M. AMEND, Appellant; JOHN W. O'MARA et al., Respondents. — Intermediate decree of the Surrogate's Court, Kings County (Bloom, S.), entered February 11, 1981, affirmed, with one bill of $50 costs and disbursements payable personally by the appellant. No opinion. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.