■ In the Matter of the Estate of VIOLA C. BILLINGS, Deceased. CLAUDIA C. NOSTRAND et al., Respondents-Appellants, v THOMAS P. DOUGHERTY et al., Appellants-Respondents. (Matter No. 1.) LEONORA COX, Appellant, v THOMAS P. DOUGHERTY et al., Respondents. (Matter No. 2.)—In a consolidated proceeding (1) by residuary beneficiaries of a will to, *inter alia,* set aside a contract for the sale of real property entered into by the executors of the decedent's estate (matter No. 1) and (2) by the contract vendee, *inter alia,* for specific performance of

the contract (matter No. 2), the respondent executors in matter No. 1 appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated February 14, 1985, as denied their motion, in which Leonora Cox joined, for partial summary judgment seeking dismissal of matter No. 1 and specific performance of the contract, and which granted the petitioner beneficiaries in matter No. 1, leave to serve an amended petition; the petitioner Leonora Cox in matter No. 2 appeals from stated portions of the same order; and the petitioner beneficiaries in matter No. 1 cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the petition in matter No. 2 and to cancel the contract of sale.

Appeal of Leonora Cox dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]).

Order affirmed insofar as appealed from by the other parties, without costs or disbursements.

The instant motion of the executors represents the second attempt by a party to these proceedings to secure an order requiring specific performance of a contract to sell certain real property presently held in trust for the petitioners in matter No. 1, as beneficiaries of the trust. Both this motion, and a prior motion made by contract-vendee Leonora Cox centered principally upon the question whether the beneficiaries extinguished the executors' statutory power to effect a sale of the real property held in trust by making a timely election to receive the property "in kind" (see, EPTL 11-1.1; Matter of Fello, 88 AD2d 600, affd 58 NY2d 999; Trask v Sturges, 170 NY 482; Mellen v Mellen, 139 NY 210).

In a memorandum decision dated February 17, 1983, Surrogate Signorelli denied the prior motion by Cox for specific performance of the contract of sale, stating that, "[n]otwithstanding the statutory authority afforded the fiduciaries by EPTL 11-1.1, a question is raised as to whether such authority was extinguished prior to execution of the contract by the election of all the interested beneficiaries to take the real property in kind * * * Obviously this gives rise to an additional issue of fact to be resolved by the trier of facts". This court affirmed Surrogate Signorelli's order (Matter of Billings, 97 AD2d 685).

Over a year after the Surrogate's order was made, the executors made a similar motion, again seeking specific perfor-

mance of the contract premised upon the alleged defectiveness of the beneficiaries' attempt to extinguish the executors' power of sale. The petitioners in matter No. 1, the beneficiaries, cross-moved for summary judgment, seeking dismissal of the contract vendee's complaint in matter No. 2. Surrogate Signorelli denied both motions stating, in essence, that his prior order, affirmed by this court, holding that issues of fact existed with respect to the exercise of the right of election, foreclosed the parties from seeking a summary disposition of the question. We agree.

As stated by the Court of Appeals in *Martin v City of Cohoes* (37 NY2d 162, 165), "[t]he doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned". At bar, the Surrogate, in a prior order affirmed by this court, has held that an issue of fact necessitating a trial exists with respect to the alleged exercise of a right of election by the beneficiaries. Accordingly, the question, having been once decided, is now the law of the case in the action. Although this court has held that the doctrine of the law of the case is not an " 'absolute mandate' " on the court "since it may be 'ignored' in 'extraordinary circumstances' vitiating its effectiveness" *(Foley v Roche, 86 AD2d 887)* we find no such extraordinary circumstances present herein.

We find that the Surrogate did not abuse his discretion in granting the petitioner beneficiaries leave to file an amended petition. We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.