■ In the Matter of the Estate of LEWIS S. SOUTHWICK, Deceased. CLAIRE W. CARLSON et al., Respondents; BARBARA KNOLL, Appellant.—In a proceeding for court approval of a contract entered into by the executrices of the estate of Lewis S. Southwick for the sale of estate property, the estate beneficiary Barbara Knoll appeals from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), entered August 15, 1985, which, *inter alia,* approved the sale.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The estate beneficiary Barbara Knoll sought, on behalf of her son, Peter Knoll, to purchase certain real property from the estate of her late father. The purchase was to be funded by her son. The executrices of the estate, one of whom is also a beneficiary of the estate, placed the property on the market, and negotiations ensued, the executrices alternating between private prospective purchasers and the Knolls. Verbal or tentative deals with the Knolls repeatedly fell through due to delays, a lack of cooperation, or the belief on the part of the Knolls that they should be given the right to meet the terms of any outside purchaser's binding offer, but should not be asked to match a mere verbal offer. Ultimately, the executrices entered into a contract with an outside purchaser and petitioned the Surrogate's Court for approval of that contract.

The Surrogate's approval of the contract after a hearing constituted a proper exercise of discretion. The executrices were empowered, pursuant to the provisions of EPTL 11-1.1 (b) (5) (B) and the terms of the will, to sell the estate property and distribute the proceeds. The circumstances confronting us do not support application of the doctrine of equitable estoppel against the executrices to bar them from asserting their right to sell *(see, Holm v C.M.P. Sheet Metal,* 89 AD2d 229, 234). Even if the executrix Carlson (who is an attorney) did initially incorrectly convey or imply to Barbara Knoll that Knoll's consent to a proposed sale was legally necessary, the evidence does not indicate that any misrepresentations were made by Carlson with the intent to in any way mislead Barbara Knoll. Furthermore, any reliance by Barbara Knoll on the alleged misrepresentation, even if initially reasonable, would not have been reasonable by the time the challenged contract was executed. By that time, she knew that a verbal offer had been made, that Carlson was actively soliciting matching offers from other prospective purchasers, that she was being given the opportunity to make a counter offer until May 28, 1984, and that Carlson was prepared to make a sale to an outside

purchaser if necessary. Moreover, Knoll was by that time represented by counsel.

Knoll's decision not to increase her offer until the executrices had in hand a binding offer was unreasonable; she had no right of first refusal. The Surrogate's failure to fashion a remedy so as to afford her such a right was a proper exercise of discretion.

Additionally, there is no merit to the appellant's contention that she had elected to take her one-half share in the property in kind, thus extinguishing the executrices' power of sale. In order for such an election to bar a sale by an executor it must be unequivocally and timely exercised by all of the interested beneficiaries. As the Surrogate properly noted, her individual election was insufficient to extinguish the power of sale, and Marie Louise Coty's participation in the contract of sale was sufficient to preserve her nonelection (*see, Matter of Fello,* 88 AD2d 600, *affd* 58 NY2d 999). Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.