OPINION OF THE COURT
Dan Lamont, S.
The successor executor makes application pursuant to SCPA article 19 for an order of the Surrogate’s Court directing the sale of estate real property for the sum of $75,000 to pay expenses of administration; debts of decedent; estate taxes (if any); widow’s right of election; and for payment and distribution of their respective shares to the persons entitled thereto.
*967 For the reasons which follow, the Surrogate holds and determines that the application should be granted in all respects.
BACKGROUND
Frederick Freund died testate on February 28, 1989, survived by his estranged widow, Gene Scheck Freund, and two sons, Roger Freund and Thomas Freund — as his distributees. His last will and testament admitted to probate March 16, 1989 directs payment of debts and funeral expenses and gives, devises and bequeaths all the rest, residue and remainder of his property, both real and personal, to his two sons, Roger Freund and Thomas Freund, equally, share and share alike. The named executors, Roger Freund and Thomas Freund, were granted letters testamentary on March 16, 1989.
The decedent’s widow’s right of election has been valued at $28,000 pursuant to a written agreement signed and acknowledged on March 7, 1989 by all interested parties, to wit: Gene Scheck Freund, widow; Roger Freund, one-half residuary beneficiary; and Thomas Freund, one-half residuary beneficiary.
The only significant asset of the estate is real property reasonably worth $75,000. The only personal property in this estate amounted to about $7,500 (cash and automobile). Rental income from the estate real property in the amount of $8,500 has been collected during administration.
Roger Freund subsequent to decedent’s date of death has incurred numerous money judgments and tax liens against himself totaling in excess of $50,000 and has filed a petition in bankruptcy on or about May 1, 1991. Roger Freund has obtained a discharge in bankruptcy dated September 30, 1991. Roger Freund resigned as coexecutor on December 15, 1992, and his resignation was accepted and successor letters testamentary were issued to Thomas Freund on April 12, 1993.
Thomas Freund, as successor executor, has brought a proceeding pursuant to SCPA article 19 for the sale of the estate real property for $75,000 to be ordered by the Surrogate to pay expenses of administration, attorney’s fees, estate taxes, widow’s right of election, real property taxes in excess of $12,000 which have accrued on the subject real property, and to distribute their respective shares to the persons entitled thereto. The petition proposes that after payment of the real estate commission ($7,500); all outstanding real estate taxes ($12,679.52); estate taxes, penalties and interest ($6,560); a valid claim against the estate ($4,434); balance of widow’s *968 valid claim against the estate ($2,500); the widow’s elective share ($28,000); and legal fees and disbursements ($7,500) that approximately $3,000 be paid to Thomas Freund as one-half residuary beneficiary and $3,000 be paid to William M. McCarthy, Esq., as trustee in bankruptcy for Roger Freund, the other one-half residuary beneficiary.
The judgments and liens filed in the Schoharie County Clerk’s office against Roger Freund are as follows:
Date Judgment Creditor Amount
07/30/90 NYS Dept, of Labor Unemployment Insurance Division $1,107.84
11/14/90 Selkirk Hardware, Inc. 688.34
11/14/90 Allied Electric Supply, Inc. 2,701.94
11/30/90 NYS Dept, of Taxation & Finance 11,542.83
11/30/90 NYS Dept, of Taxation & Finance 1,467.86
12/04/90 Enders & Cooper, Inc. 9,817.98
01/15/91 Insul Mart 1,836.65
03/08/91 NYS Dept, of Labor Unemployment Insurance Division 808.44
03/11/91 Kenneth Rossi Doing Business As Rossi Carpet Gallery 5,515.91
05/13/91 Niagara Mohawk 1,275.18
05/16/91 NYS Dept, of Taxation & Finance 2,174.79
05/21/91 Colonial Plumbing Corp. 11,819.45
06/28/91 NYS Dept, of Taxation & Finance 649.90
06/30/93 NYS Dept, of Taxation & Finance 3,250.00
total: $54,657.11
The issue presented is whether the Surrogate’s Court pursuant to SCPA article 19 can order the sale of estate real property to pay expenses of administration, attorney’s fees, estate taxes, claims against the estate, widow’s right of election, and to effect distribution, free and clear of the judgment creditor’s liens against Roger Freund, bankrupt, one of the residuary beneficiaries.
SCPA ARTICLE 19 PROCEEDING
The estate real property consists of 74 acres of land, more or less, at the intersection of New York State Route 10 and Moxley Street, in the Town of Jefferson, Schoharie County, improved by a single-family residence in extremely poor condition and several collapsed outbuildings. The residence is in need of major structural repairs including a new roof. The roof trusses and other structures needed to support a new roof *969 are rotted through. The estate real property has been actively offered for sale by the estate through real estate brokers and agents, and the present cash offer for $75,000 is the only purchase offer ever received. The Surrogate is fully satisfied that the sale of the estate real property for the cash sum of $75,000 is reasonable, proper, and in the best interests of the estate.
The application by successor executor Thomas Freund to sell the estate real property was brought upon notice to the decedent’s widow, Gene Scheck Freund (creditor: $2,500, and widow’s right of election: $28,000); the other residuary legatee, Roger Freund, bankrupt; William McCarthy, Esq., trustee in bankruptcy for Roger Freund; Marie Burghart (claimant against estate: $4,434); and all of the above-listed judgment creditors of Roger Freund, the bankrupt one-half residuary legatee.
The trustee in bankruptcy has consented to the sale by the executor provided that Roger Freund’s net equitable interest in the estate as one-half residuary beneficiary is paid over to the trustee in bankruptcy.
Two judgment creditors of Roger Freund, to wit: Selkirk Hardware, Inc. ($688.34) and Allied Electric Supply, Inc. ($2,701.94) have appeared by legal counsel and have filed written objections to the proposed sale unless such judgment creditor’s liens are fully paid off and satisfied from the proceeds of the sale of the estate real property.
No other interested parties have appeared or opposed the within application by the successor executor for an order authorizing him to sell the estate real property for the sum of $75,000 cash pursuant to SCPA article 19.
DEBTOR AND CREDITOR LAW: ARTICLE 6
The successor executor has requested the Surrogate’s Court pursuant to Debtor and Creditor Law, article 6, § 150 to grant an order directing that an unqualified discharge of record be marked upon the docket of the judgments of record against Roger Freund, bankrupt. If relief is obtainable by the successor executor as an interested person under Debtor and Creditor Law § 150 which provides for cancellation of record of judgments discharged in bankruptcy, such application must be made to the court in which the judgment was rendered, or if rendered in a court not of record, the court of which it has become a judgment by docketing it therein — not to the Surro *970 gate’s Court (Debtor and Creditor Law § 150). Generally speaking, a judgment lien which attaches to real property prior to the debtor’s bankruptcy petition is not affected by the subsequent discharge in bankruptcy (Matter of Leonard v Brescia Lbr. Corp., 174 AD2d 621 [2d Dept 1991]); therefore, the successor executor is most probably not entitled to relief under Debtor and Creditor Law § 150 even upon application to the proper court. The Surrogate’s Court has no jurisdiction to entertain the application under the Debtor and Creditor Law.
DISCUSSION
Since an executor clearly has broad authority and power pursuant to EPTL 11-1.1 (b) (5) to sell real property, Surrogates have increasingly taken the position that proceedings under SCPA article 19 should not generally be entertained and/or should be denied in the absence of extraordinary circumstances (see, e.g., Matter of Osterndorf, 75 Misc 2d 730 [Sur Ct, Nassau County 1973]). This Surrogate, however, holds and determines that where the successor executor seeks the safeguards and protection of an order to sell real property pursuant to SCPA article 19 for the specific purposes enumerated in SCPA 1902 upon notice to all conceivably interested parties, the proceeding can and should properly be entertained by the Surrogate.
As previously stated, the issue presented is whether the Surrogate’s Court pursuant to SCPA article 19 can order the sale of estate real property — to pay expenses of administration, attorney’s fees, estate taxes, valid claims against the estate, widow’s right of election, and to effect distribution of their respective shares to the persons entitled thereto — free and clear of the liens of the judgment creditors against Roger Freund, bankrupt, one of the residuary beneficiaries. Notwithstanding the fact that insolvent heirs with substantial judgment liens of record against them cannot have been all that rare of an occurrence in the annals of New York estates involving real property, this Surrogate has been unable to locate any reported cases or legal precedent directly on point.
"[T]he law in this State is that real property title vests in the distributees on the date of death and in devisees once the will is probated, subject to the power of sale possessed by the fiduciary (Trask v Sturges, [170 NY 482]).” (Matter of Fello, 109 Misc 2d 744, 746 [Sur Ct, Nassau County 1981], appeal denied 88 AD2d 600 [2d Dept 1982], affd 58 NY2d 999 [1983].)
*971 SCPA 1904 (2) provides: "If the petition be entertained process shall issue to all persons interested and also to the creditors if the court so directs.” The Court of Appeals has held that a judgment creditor of a devisee or distributee should be given notice of a proceeding to sell the real property of a decedent (Matter of Townsend, 203 NY 522 [1911]). The Court stated: "Though the lien of a judgment creditor on the real estate of his debtor is general and not specific, he has a substantial interest to protect in the proceeding. The effect of granting the application is to destroy his lien on the real estate” (supra, at 524).
This Surrogate holds and determines that the title to the real property which passes to the residuary legatees of the will upon the testator’s death is subject to divestment by order of the Surrogate directing the disposition of decedent’s real property pursuant to SCPA article 19 for the purpose of payment of expenses of administration, payment of funeral expenses, payment of valid debts of decedent, payment of estate taxes, payment of any legacy charged thereon, and/or for payment and distribution of their respective shares to the persons entitled thereto.
In this Surrogate’s view, the bankrupt one-half residuary beneficiary’s net equitable interest in this estate is limited to one half of the amount remaining after payment of all legitimate estate expenses and charges including funeral expenses, attorney’s fees, expenses of administration, valid debts of decedent, estate taxes (if any), and the widow’s statutory right of election; therefore, the bankrupt one-half residuary beneficiary’s net equitable interest in this estate is certainly not substantial. The judgment creditors of Roger Freund, bankrupt, face the same impediments as to the residuary benefits of this estate as does Roger Freund, and such judgment creditors clearly should not and cannot be placed in any better position than Roger Freund — nor for that matter, the other residuary beneficiary, Thomas Freund.
Parenthetically, the widow’s right of election (one-third net estate; see, EPTL 5-1.1) has been substantially overvalued by the written agreement signed by decedent’s widow and the two residuary beneficiaries on March 7, 1989, prior to probate. Such written, signed, acknowledged agreement filed in the Surrogate’s Court on March 16, 1989 was made prior to now bankrupt Roger Freund’s incurring any judgments of record and over two years prior to his filing a petition in bankruptcy *972 on or about May 1, 1991. Therefore, such agreement fixing the value of the widow’s right of election does not appear by any stretch of the imagination to be a fraud upon the subsequent judgment creditors of Roger Freund.
A proceeding pursuant to SCPA article 19 constitutes a judicially ordered sale by the Surrogate’s Court — a court with broad equitable jurisdiction and powers — for the purposes specifically enumerated and authorized by SCPA 1902, to wit: payment of the expenses of administration; payment of funeral expenses; payment of the debts of the decedent, including judgment or other liens; payment of any estate or other death tax; payment of any debt or legacy charged thereon; payment and distribution of their respective shares to the persons entitled thereto; and/or for any other purpose the court deems necessary. The fundamental purpose of such proceeding is to convert an estate asset owned by the decedent from real property to cash in order to pay estate obligations, debts of decedent, and to distribute their respective shares to the persons entitled thereto.
The very purpose and intent of SCPA article 19 would be completely frustrated to the detriment of other innocent parties in interest including other estate beneficiaries unless the Surrogate’s Court can order the sale of estate real property free and clear of judgment liens of record against an estate beneficiary. For instance, suppose that the sole asset of an estate were real property worth $100,000 devised to five residuary legatees: A, B, C, D, and E; and further suppose that D had incurred judgments of record against him in the amount of $100,000 on or after the decedent’s date of death. The only fair, logical, and equitable solution consistent with the purpose and intent of SCPA article 19 is that the Surrogate’s Court upon proper application can and should order the sale of the estate real property for the sum of $100,000, thereby divesting A, B, C, D, and E of title, and thus disposing of the estate real property free and clear of the liens of any judgment creditors of D. The final decree of the Surrogate’s Court would provide that $20,000 be paid to A; $20,000 be paid to B; $20,000 be paid to C; and $20,000 be paid to E; and that the remaining $20,000 be paid to D or to the judgment creditors of D in order of the priority of their judgment liens. The position espoused by judgment creditors Selkirk Hardware, Inc. and Allied Electric Supply, Inc. in this proceeding would cause A, B, C, and E to receive no money whatsoever *973 from the hypothetical estate because of the $100,000 in judgment liens against D — hardly a fair or equitable result.
The Surrogate’s Court in ordering a sale pursuant to SCPA article 19 directs that the decedent’s interest in the real property be sold and conveyed unencumbered by the interests of the estate beneficiaries and/or their judgment creditors. The first and paramount concern of the Surrogate and the primary purpose and focus of SCPA article 19 proceedings should be to do justice to persons interested in the estate of the decedent.
Although the Court of Appeals has held that a fiduciary who had prior notice of an outstanding indebtedness of a legatee had no active duty to the judgment creditor except the proper administration of the estate and that there was no authority permitting payment of such indebtedness from estate funds (Sayles v Best, 140 NY 368 [1893]), this Surrogate is not persuaded that such rule should apply in this case where a judicially ordered sale of real property pursuant to SCPA article 19 destroys the various judgment creditors’ liens upon the bankrupt residuary devisee’s undivided one-half interest in the real property. Where the judgment debts of the one-half residuary beneficiary are discharged in bankruptcy, the net interest in the estate of the bankrupt one-half residuary beneficiary should be paid to the trustee in bankruptcy because the bankrupt residuary beneficiary’s net one-half interest in the estate constitutes an asset in the bankruptcy proceeding.
CONCLUSIONS OF LAW
The Surrogate holds and determines that the within application to sell the estate real property for the sum of $75,000 cash should be and the same hereby is granted in all respects, and that such a judicially ordered sale by the Surrogate’s Court to satisfy administration expenses, attorney’s fees, estate taxes, debts of decedent, and widow’s right of election shall be free and clear of any and all judgment liens of record against the one-half residuary beneficiary, Roger Freund, bankrupt. The net equitable interest of Roger Freund, bankrupt, as one-half residuary beneficiary of the estate, will be determined upon the final accounting and will be directed in the final decree to be paid by the successor executor to *974 William McCarthy, Esq., as trustee in bankruptcy for Roger Freund.
Attorney for successor executor to submit order directing the sale of the estate real property for the sum of $75,000 pursuant to SCPA article 19 in accordance with this decision.